MICHAEL FLORMAN, PLAINTIFF, APPELLEE, v. DODD & CHILDS EXPRESS COMPANY, DEFENDANT, APPELLANT.

Submitted March 19, 1909—Decided November 23, 1909.

1. Where property is received and accepted by a common carrier in this state, to be delivered at a point in another state, the receiving carrier is, by the terms of section 20 of the Interstate Commerce act of 1906, liable for a loss occasioned by a connecting carrier to which the initial carrier has delivered the property to finish the transportation to the designated point in the other state.

2. A shipper on delivering property to a common carrier in this state, received a receipt or bill of lading containing the following condition: "In consideration of the rate charged for carrying the property shipped, which rate is regulated by the value thereof, and is based upon a valuation not exceeding $50, unless a greater value is declared, the shipper agrees that the value is not greater than $50 unless a greater value is stated herein, and that the said company shall not be liable in any event for more than the value so stated, nor for more than $50 if no value is stated herein." There was no greater value declared. *Held,* that in the absence of testimony to show whether the shipper read the receipt, or whether any verbal communication occurred between the shipper and the agent of the defendant at the time the property was delivered to the latter, a presumption at least *prima facie* exists that the shipper read it and is bound by it.

On appeal from District Court.

Before Justices REED, TRENCHARD and MINTURN.

For the appellant, *McCarthy & McMahon.*

For the appellee, *McEwan & McEwan.*

The opinion of the court was delivered by

REED, J.  This action was brought to recover the value of two packages of clothing.  One package was consigned by the plaintiff .to J. Greenberg & Son, wholesale clothiers, in New York city, and the other package was consigned to A. Hochmann, wholesale clothier, New York city. .

The case was tried before a District Court without a jury, and the following facts appear in the state of the case, signed by the respective attorneys:  The packages were respectively delivered by the plaintiff to the defendant at Jersey City on different dates.  The proved value of the first package delivered to defendant on October 24th, 1907, was $170.75; and the proved value of the second package delivered to defendant on December 6th, 1907, was $100.50.  There was a total loss of the first package.  As to the package delivered to the defendant on December 6th, 1907, it was returned to the shipper on July 6th, 1908, but there was missing therefrom clothing to the value of $48.50 with a depreciation in value of sixty per cent. of the goods returned, so that the value of the returned goods was $31.80.  There was judgment rendered for the sum of $253 for the entire loss.

The defendant is a local express company, operating only in the county of Hudson.  It was proved that the package delivered to it on October 24th, 1907, was by it delivered to the Adams Express Company, a connecting carrier, making deliveries in the city of New York.

It appears at the close of the case defendant asked for a nonsuit on the ground that no negligence had been shown on the part of the defendant respecting the package delivered to it on the 6th day of December, 1907; and on the further ground that the defendant was relieved from liability for the package delivered to it on October 24th, because it had delivered the same to a connecting carrier in good condition.  This motion the court overruled.

There was no error in the refusal to nonsuit.

The loss and depreciation of the goods contained in the package delivered to defendant on December 6th, unexplained, in itself created a liability.

Respecting the loss of the goods delivered by defendant to the Adams Express Company, we think the liability of defendant as the initial carrier is fixed by the twentieth section of the Interstate Commerce act of 1906. The goods being shipped in New Jersey to be delivered in New York, their transportation constituted interstate commerce; and by the terms of the section just mentioned the carrier receiving the property for transportation in New Jersey became liable to the shipper for any loss caused by any connecting carrier to which the initial carrier delivered the goods to be transported to the designated point in New York state. *Travis* v. *Wells, Fargo & Co., post p.* 83.

The remaining question in the case is whether the court erred in entering judgment for a loss exceeding $50 for the contents of each of the respective packages.

When the packages were delivered to the defendant the shipper received from the defendant a receipt styled a "Non-negotiable bill of lading." This paper states that the defendant received the packages so marked, which it agreed to carry upon the following terms and conditions, to which the shipper agrees, and as evidence thereof, accepts this bill of lading. The first condition is that in consideration of the rate charged for carrying said property, which is regulated by the value thereof, and is based upon a valuation not exceeding $50, unless a greater value is declared, the shipper agrees that the value of said property is not more than $50 unless a greater value is stated herein; and that the company shall not be liable in any event for more than the value so stated, nor for more than $50 if no value is stated herein. At the top of this receipt, or bill of lading, in letters of larger size than the conditions, it is stated that "The company's charge is based upon the value of the property, which must be declared by the shipper." At the bottom, in the same sized

letters, it is stated that "Liability is limited to $50 unless a greater value is declared."

The right of a common carrier to limit its liability respecting the value of the goods carried, where the company's charges are based upon the value of the property, is settled by the case of *Atkinson* v. *New York Transfer Co., 47 Vroom* 608.

It was also settled in that case that if a shipper knowingly receives a bill of lading containing a contract fixing the value of the goods, and limiting the carrier's liability to such value, and is silent, the carrier may infer from the shipper's silence that the value fixed is proper for the purpose of determining the carrier's liability, and the shipper cannot claim a larger indemnity, nor receive a greater amount, in case of loss, than the value so stated.

There is nothing in the case to show whether or not the shipper read the receipt or bill of lading given to him by the defendant; and nothing to show that any verbal communication occurred between the shipper and the agent of the defendant at the time the property was placed in the charge of the latter.

I am of the opinion that the shipper who received the paper must be presumed to have read it. For the purpose of this case it is sufficient to say that this presumption is at least *prima facie*—one which may be rebutted by testimony introduced by the shipper. The great weight of authority, however, is to the effect that the presumption is not merely *prima facie,* but a conclusive presumption, in the absence of some fraudulent act on the part of the carrier.

The text of 6 *Cyc.* 406 states the doctrine thus: "Indeed the rule applicable to other formal contracts is applied here, and the shipper who has accepted a bill of lading is conclusively presumed, in the absence of evidence of fraud, to have thereby assented to the terms of the instrument; and he will not be heard to say that the stipulations therein limiting the carrier's liability were not known or assented to by him. He cannot show, to defeat the exemption that he did not read the instrument."

While in a few states, notably in Illinois, it has been held that it is incumbent on the carrier to show that such exemption was brought to the attention of the shipper, and expressly assented to by him, the great weight of authority is as stated in the text before cited.

Among the numerous cases cited from many states in support of this text are the following: *Germania Fire Insurance Co.* v. *Memphis Railroad Co.,* 72 *N. Y.* 90; *Hill* v. *Syracuse Railroad Co.,* 73 *Id.* 351; *Zimmer* v. *New York Central Railroad Co.,* 137 *Id.* 460; *Grace* v. *Adams,* 100 *Mass.* 505.

If the presumption is only *prima facie* that the shipper read this receipt, still he is in this case bound by its provisions, and so the liability of the defendant was limited to the amount of $50 for each package. The judgment, therefore, should have been limited to that amount.

The judgment is reversed.