FRANK HILL, TO THE USE OF MARY A. FERRIS, v. ADAMS
EXPRESS COMPANY.

Submitted June 8, 1910—Decided November 5, 1910.

The delivery by an express company to a shipper, and his acceptance
without dissent, of a shipping receipt containing a clause of lim-
ited liability based on value, will raise a presumption that the
shipper knew of and assented to the restriction, in which latter
case he would be bound by it; but such presumption is not con-
clusive and may be rebutted by evidence negativing such knowl-
edge and assent.

On *certiorari.*

Before Justices PARKER and BERGEN.

For the prosecutor, *Gaskill & Gaskill.*

For the defendant, *Joseph Beck Tyler.*

The opinion of the court was delivered by

PARKER, J. This is the third review of this case, and a
repetition of the general matters of fact already recited in
previous reports of it, which will be cited, is therefore un-
necessary. The first time it went off in this court on ques-
tions of evidence. 45 *Vroom* 338. After a second trial it was
again brought to this court on *certiorari* and the judgment
of the District Court affirmed on the ground that the limited
liability clause contained in defendant's receipt could not be
enforced against Miss Ferris as the actual plaintiff in the suit,
because no special authority of the driver of the local transfer
company to bind her by assent to such limited liability clause
had been shown and such authority would not under the cir-
cumstances of this case be presumed. 48 *Id.* 19. But this
judgment was reversed in the Court of Errors and Appeals
(49 *Id.* 333), that court holding that the defendant dealt with

Hill, the nominal plaintiff, as the real shipper, and in the absence of proof that he or the driver was ignorant of the existence of the limited liability clause in the receipt, and in view of the presumption that they read the paper or were informed of its contents, which presumption was not rebutted by any evidence then in the case, the recovery should have been limited to the amount stipulated in the clause in question. The case accordingly went back for a third trial, which was had in the District Court without a jury and at its conclusion the trial judge announced the following findings, which on an examination of the case we find are supported by evidence and are therefore conclusive on us as to matters of fact, viz.:

1. That the plaintiff, Frank Hill, did deliver a box to the Adams Express Company on March 25th, 1904, for shipment to Mrs. Morey, Dundalk, Ireland, and prepaid the charges thereon.

2. That the value of said box and contents was $300.

3. That the box was lost by the fire in New York on March 26th, 1904, which destroyed the Adams Express Company building at 59 to 61 Broadway, New York City, and has never been delivered to consignee, nor has the defendant company paid for it.

4. I find that neither the plaintiff, Frank Hill, Mary Ferris nor any other person by their authority, gave the Adams Express Company any value on the box at the time of shipment or at any other time.

5. That the receiving clerk, by his own testimony, did not ask the driver to place a value upon the box.

6. That the plaintiff, Frank Hill, did not, nor did Mary Ferris or any other person, by their authority or in their behalf, know of or assent to a limit of liability being placed on the shipment by the defendant.

7. That the plaintiff, Frank Hill, did not, nor did Mary Ferris or any other person in their behalf, as their agent, know that a limit of value would be placed upon the shipment by the defendant without being asked for.

8. That the plaintiff, Frank Hill, did not, nor did Mary Ferris or the driver have common knowledge that the express

companies placed a limited liability upon shipments without being asked for it.

9. That the plaintiff, Frank Hill, did not, nor did Mary Ferris or the driver, have any knowledge or intimation that a contract of limited liability was being made by the acceptance of the express receipt.

10. I further find that neither Frank Hill nor Mary Ferris, nor any other person by their authority and with their knowledge, furnished an invoice to the defendant company; nor did they authorize anyone else to do so, nor did they have any knowledge that anyone else had done so at the time the shipment was made.

He accordingly held that defendant had not established a special contract to limit its common law liability and gave judgment for plaintiff based on the actual value of the property lost and without regard to the limited liability clause contained in the express receipt. This judgment is now questioned on two principal grounds:

I. That the employment of one Barnet as driver for plaintiff conferred on him presumptive authority to agree to a reduced valuation, and that by handing in an invoice and accepting in silence a receipt with limited liability he did so agree. But the court found that no invoice was handed in, so no authority can be predicated on that claim. But the general presumption of authority remains. *Russell* v. *Erie Railroad Co.,* 41 *Vroom* 808. Assuming such authority, Barnet's acceptance of the receipt, irrespective of the invoice, brings us to the real question:

II. That the acceptance in silence of a shipping receipt from a carrier constitutes it a binding contract whether the shipper or his agent reads it or not, and whether or not such shipper or agent was otherwise informed of its contents; or to put it in another way, the question raised is whether the acceptance in silence of the receipt by the shipper raises a conclusive presumption that such shipper agrees to the terms of that receipt, so that his denial of assent and of knowledge become immaterial.

The affirmative of this proposition is stoutly maintained by

the counsel for prosecutor, and it must be conceded that there is a great weight of respectable authority outside of this state in favor of it. Many cases are collected in *Hutch. Carr.* (*3d ed.*), §§ 408, 409, and in 6 *Cyc.* 405, 406, where a different view is also recognized. We do not think it necessary, however, to go into an extended discussion of these decisions, for while this point has as yet not been directly passed upon in this state by the court of last resort, the general trend of recent decisions in our courts seems adverse to prosecutor's position.

In *Paul* v. *Pennsylvania Railroad Co.* (1904), 41 *Vroom* 443, 446, this court avoided deciding even as to the validity of such a clause based on an agreed value.

In *Russell* v. *Erie Railroad Co.*, 41 *Vroom* 808; 1 *A. & E. Ann. Cas.* 672, the Court of Errors conceded the lawfulness of such a contract, but the case turned on a demonstrated lack of authority in the shipper's agent to make any such agreement.

In *Hayes* v. *Adams Express Co.*, 44 *Vroom* 105; *affirmed* (1906), 45 *Id.* 537, it was laid down in plain terms in this court, and apparently assented to by the Court of Errors and Appeals, "that in order to lessen the responsibility of a common carrier it must *appear* that the shipper *assented* to the restriction, and that mere notice to him of a customary practice on the part of the carrier to insist upon such restriction will not bind the shipper." 44 *Id.* 106; 45 *Id.* 540.

In *Atkinson* v. *New York Transfer Co.* (1908), 47 *Vroom* 608, the validity of a clause limiting liability to declared or stipulated value was expressly recognized, and counsel argued for the rule that the mere acceptance of a receipt with limited liability clause established a conclusive presumption that the shipper assented to it; but the Court of Errors refused to go so far, contenting itself with saying that a shipper who, knowing that the carrier's rates are based on valuation and that the receipt tendered contains a limited liability clause, accepts such a receipt without dissent, will not be heard to claim, after taking advantage of the reduced rate, that the value is greater than that stipulated.

In *Perrin* v. *United States Express Co.,* 49 *Vroom* 515, the circumstances were that plaintiffs drew their own receipts in a book of blanks furnished by defendant and kept by plaintiffs at their office; so their knowledge of and assent to the limited liability was presumed in the absence of anything to indicate the contrary.

In *Florman* v. *Dodd & Childs Express Co.,* 50 *Vroom* 63, this court, speaking through Mr. Justice Reed, held that the acceptance of receipt by the shipper created a presumption of knowledge of its contents which if not rebutted would be binding. The learned justice who delivered the opinion further remarked that the great weight of authority is to the effect that the presumption is conclusive in the absence of fraud; but the decision of the case did not turn on any such proposition. And in *Saunders* v. *Adams Express Co.,* in this court, on rule to show cause, 47 *Id.* 228, it was held that if the driver of the express wagon that called for the shipment in that case asked the shipper to place a value on it, the company could not be held beyond the limited value. The case went to the Court of Errors on exceptions reserved (49 *Id.* 441), but though the question of conclusive presumption arising from the receipt was exhaustively argued in that court, the decision turned on other grounds. Moreover the Supreme Court decision seems to run counter to the doctrine announced by the Court of Errors in *Hayes* v. *Express Co., supra.*

We have not been referred to, nor have we found, any reported decision in this state that rests on the proposition of conclusive presumption as a basis of decision. On the other hand, the opinions of the Court of Errors in *Hayes* v. *Express Co., supra,* and *Russell* v. *Erie Railroad Co., supra,* seem to us to point just the other way. Not only this, but in the case now at bar, the Court of Errors and Appeals relied merely on the absence of proof to rebut the presumption of knowledge and assent held by that court to have arisen from the acceptance of the receipt without dissent; and the case went back for a retrial with full liberty to plaintiff to meet that presumption by counter proof (which he has done) and

without any intimation that such counter proof would be futile on account of the presumption being conclusive.

The rule to be deduced from these various decisions is that while the delivery by the carrier and acceptance by the shipper without dissent, of an express receipt containing a limited liability clause based on valuation, raises a presumption of assent to its provisions, such presumption may be rebutted by proper evidence, and if so rebutted the limitation of liability does not attach.

This disposes of the main question argued. Some rulings on evidence are questioned but we find either that the point is not raised in the reasons filed, or that no substantial error was made. The point that Miss Ferris did not object to the receipt herself is satisfactorily disposed of by saying that when it reached her hands the box had been already burned up.

The judgment will be affirmed.