THERESE COHEN, TRADING, &c., v. UNITED STATES EXPRESS COMPANY.

Submitted March 23, 1911—Decided June 13, 1911.

Where there is evidence in the case from which a jury may infer an absence of assent by the shipper to the limitation of liability contained in the bill of lading, the question whether such assent was in fact given. was for the jury.

On appeal from Atlantic City District Court.

Before Justices SWAYZE, BERGEN and MINTURN.

For the plaintiff, *Charles C. Babcock.*

For the defendant, *Samuel E. Perry.*

The opinion of the court was delivered by

MINTURN, J.  The plaintiff delivered to the defendant's driver at the plaintiff's store in Atlantic City a box containing handkerchiefs and other merchandise for shipment to Dawson, Pennsylvania, and the goods, it is conceded by the defendant, a common carrier, were lost in transit.

The only question at issue in the case, therefore, is whether the limitation of defendant's liability to the sum of $50, contained in the printed bill of lading, is binding upon the plaintiff under the testimony.

The case was submitted to the jury by the trial court upon instructions defining the law of the case, and the jury found in favor of the plaintiff for the sum of $500.

The bill of lading was offered in evidence, and the fact was proved that it was accepted without comment by the plaintiff's agent.  The circumstances attending the delivery of the goods and the acceptance of the bill of lading were as follows: Maud Wright, who was plaintiff's bookkeeper, and who generally attended to the delivery of merchandise to express companies, testified that she was ignorant of the contents of the bill of lading, and was equally so of the rules and regulations of the defendant and of the bearing of the question of the value of the goods delivered upon the express rates, and that she was not particularly concerned about it in this instance, because of the fact that collection of the charges was to be made at the point of delivery by the consignee.  She received from the driver a form of printed receipt, in which the blanks were filled out by him in lead pencil, and that was the only receipt she looked at.  The driver testified that the value was not asked, or given, and that the written words in the bill of lading "asked but not given," following the printed words "valued at," were inserted by him as a matter of custom.

Other testimony of similar import was given, and the case was thus submitted to the jury upon substantially an admitted state of facts, upon which the defendant's insistment was a limitation of liability to $50, which sum, it is conceded, was tendered before suit in satisfaction of plaintiff's demand.  The defendant contended that there was other testimony in the case

from which the jury might infer that the plaintiff knowingly and purposely refrained from putting a value on the goods, for the purpose of obtaining a lower rate. If there is such testimony in the case, it must suffice to say that there was testimony in contradiction of it, and a fact question was thus raised which the jury have resolved in favor of the plaintiff, and we are not therefore concerned with it upon this argument.

The main insistment is, and upon it depends the question of the defendant's liability for more than the stipulated limitation contained in the bill of lading, whether the mere acceptance of the receipt without protest by the plaintiff, through her agent, raised a presumption of assent to its terms upon the plaintiff's part.

*Hill* v. *Adams Express Co.*, 51 *Vroom* 604, the most recent exposition of the law upon this subject by this court, is invoked by the defendant in support of this contention. But that case must be read with the qualification which it contains, that such a presumption may be rebutted by evidence negativing such knowledge and assent, and the question whether that presumption had been negatived by the testimony in this case was a question of fact which the court properly left to the jury.

Under the rules laid down in *Hayes* v. *Adams Express Co.*, by the Court of Errors and Appeals, 44 *Vroom* 105, there must not only appear notice of the limitation of liability, but it must also appear that the shipper assented to the limitation in order that the carrier may be released from the full consequences of its common law liability. In the case at bar, the question of the plaintiff's knowledge and assent to the provisions of this limitation under the testimony was entirely left to the jury in its various aspects, bearing upon the defendant's liability.

The requests of the defendant's counsel to charge, and the numerous exceptions taken to the charge, seem to be fully and substantially comprehended in the language of the charge, excepting where they are based upon a misconception of the legal effect of the Hill case and the Hayes case, as already indicated.

The failure of counsel to discuss them *in extenso,* in the brief, renders their detailed discussion by us at this time unnecessary, except to say that where their relevancy to the issue is at all apparent they seem to be substantially covered by the charge.

The judgment will be affirmed.