AMELIA A. WICHERN v. UNITED STATES EXPRESS COMPANY.

Argued February 20, 1912—Decided June 24, 1912.

1. Where there was no evidence offered by defendant by which the $50 limitation of its liability of a common carrier contained in an express receipt could be said to have been called to the shipper's attention, and there was evidence in behalf of the plaintiff that neither her attention nor the attention of her agent had been called to it—*Held*, that the common law liability of the defendant as a common carrier prevailed and was not qualified by the limitation contained in the receipt.

2. The value of the trunk when delivered to the initial carrier having been fixed by the testimony, that value will persist as the value of the property when delivered to the express company, in the absence of testimony to the contrary.

---

On appeal from District Court.

Before Justices TRENCHARD, PARKER and MINTURN.

For the plaintiff, *Roberson & Demarest.*

For the defendant, *McDermott & Enright.*

The opinion of the court was delivered by

MINTURN, J. The Second District Court of Jersey City gave judgment in favor of the plaintiff upon the following facts:

The plaintiff, about to return to her home in Bayonne, from a vacation at Haines Falls, in the Catskill Mountains, in the State of New York, checked her trunk to New York City. The plaintiff's fiance received the baggage check from her and delivered it to the defendant company, taking its receipt, which is the basis of the suit.

It is admitted that the trunk was never delivered.

The defendant at the trial offered no testimony, and admitted its liability, but requested the court to limit the recovery to the sum of $50, upon the ground that such a limitation was contained in the liability clause printed in the usual form upon the receipt accepted by the plaintiff. The trial court refused to limit the liability, but upon proof of the value of the contents of the trunk rendered a judgment for the plaintiff for the value.

The main insistence upon the part of the defendant is that its liability was limited by the terms of the receipt. The legal effect of the acceptance of such a receipt was considered and determined in *Hill* v. *Adams Express Co.,* 51 *Vroom* 604, by the Court of Errors and Appeals. It was there laid down that when a common carrier undertakes to transport merchandise, the presumption is that he does it subject to the common law liability; that this presumption remains until it is overcome by proof of a special agreement and that the burden of showing such an agreement rests upon the carrier. It is also held in that case, that assent to such a limitation did not arise from the mere acceptance in silence by the shipper of the receipt.

In the case at bar it appears without contradiction that the limited liability clause of the contract was not called to the attention of the shipper or her agent, who accepted it in return for the baggage check, and, therefore, the burden placed upon the defendant by the Hill case, was not discharged. *Cohen* v. *United States Express Co.,* 52 *Vroom* 355.

In reaching its judgment upon this uncontradicted testimony the trial court must have concluded, and we think quite

properly, that the evidence was conclusive that in no manner was the attention of the plaintiff or her messenger, who for the purposes of this case was her agent (*Russell* v. *Erie Railroad*, 41 *Vroom* 808), directed to the limitation of liability contained in the receipt, and that, as a consequence, the defendant's common law liability for the value of the trunk was the applicable rule.

The next ground of objection to the judgment is that the plaintiff failed to prove the value of the trunk's contents at the time of its delivery by the railroad company to the defendant. The proof was uncontradicted as to the value of the trunk and its contents at the time of delivery to the railroad company, and the presumption of value shown at the time of delivery to the initial carrier will persist in the absence of testimony to the contrary by the defendant. *Hutch. Carr.* 761; 6 *Cyc.* 490, and cases cited.

The question presented to this court as to the construction of the contract under the New York law is not legally before us, since it was not presented in the trial court. *Bierman* v. *Reinhorn*, 42 *Vroom* 422; *Winfield* v. *Ludwig*, 52 *Id.* 375.

The final objection urged is that since the plaintiff gave no detailed value of her possessions in the trunk, the court should have ignored her testimony as to general value. It should suffice to say in reply to this that it was within the power of the defendant to elicit the desired information by cross-examination, and its failure to do so cannot be taken advantage of now to question the correctness of the estimate given by the plaintiff and accepted without objection by the trial court.

The judgment will be affirmed.