[No. 5374.   Decided March 15, 1905.]

## S. NORMILE, *Respondent,* v. R. H. THOMPSON *et al., Members of the Board of Public Works of Seattle, Appellants.*[1]

LABOR—PUBLIC WORKS—EIGHT-HOUR DAY—CONSTITUTIONAL LAW —RIGHT OF CONTRACT. An ordinance prescribing an eight-hour day, and forbidding the employment for longer hours of any laborer upon municipal construction work, making the same a part of all city contracts for such work, and providing a penalty for any violation thereof by any city contractor, is not unconstitutional as in conflict with the fourteenth amendment or any other federal or state constitutional provision, since the same relates only to public works, and the state has a right to do its work in any manner it sees fit, and no violation of private rights is involved.

APPEAL AND ERROR—REVIEW. Where a case is tried in the court below solely on the theory of the unconstitutionality of a statute, the party will not be heard in the supreme court on the theory that the case came within certain exceptions to the statute.

Appeal from a judgment of the superior court for King county, Bell, J., entered September 13, 1904, dismissing an action for an injunction, upon sustaining a demurrer to the defendants' answer.   Reversed.

*William Martin* and *W. A. Keene,* for respondent.

*Mitchell Gilliam* and *Hugh A. Tait* (*S. H. Piles* and *Dallas V. Halverstadt,* of counsel), for appellants.

[1] Reported in 79 Pac. 1095.

Root, J.—This case involves the "Eight hour law" of 1903. Respondent, on the 30th day of July, 1903, entered into a contract with the city of Seattle to do some street improvement work. By the terms of his contract, he agreed to obey all laws and ordinances controlling or limiting those engaged on the work. While the work was progressing, it being ascertained that his employees were working more than eight hours per day, the city notified him to cease violating his contract in this particular, and at length threatened to cancel his contract, if he did not desist. He brings this action to enjoin the city's officers from thus interfering with his contract. Appellants interposed a demurrer to his complaint, which was overruled by the trial court; and they electing to stand upon their demurrer, judgment and decree was entered in favor of respondent, from which an appeal has been taken to this court.

The trial court appears to have based its decision solely upon the alleged unconstitutionality of the statute. Since said trial, and since the preparation of the principal briefs in the case, this court handed down an opinion in the case of *In re Broad,* 36 Wash. 449, 78 Pac. 1004, wherein an ordinance of the city of Spokane, requiring only eight hours of work per day on public works, was held to be constitutional. Appellants submit that this decision is conclusive of the questions involved in the case at bar. On the oral argument, respondent's counsel made some contention that the case referred to was not conclusive of this case, as there were certain considerations involved here which brought respondent's contract within the exceptions of the statute, and took it out of the rule of the case just cited. We do not think this contention can be upheld. It appears that this case was tried in the lower court solely

upon the question of the constitutionality of the statute referred to. Where a case is tried solely upon a certain theory in the trial court, it will not ordinarily be tried upon any other in the appellate court. Besides, we are unable to see that there is anything in the complaint herein that would prevent the decision in the case of *In re Broad* from being applicable and controlling.

The judgment and decree of the honorable superior court is reversed, and the cause remanded to that court, with instructions to dismiss the action.

MOUNT, C. J., CROW, and DUNBAR, JJ., concur.

HADLEY, FULLERTON, and RUDKIN, JJ., took no part.