[No. 6881. Decided February 14, 1908.]

ALFRED G. GULLICKSON, *Respondent*, v. THOMAS L. FENLON
*et al.*, *Appellants.*[1]

ATTACHMENT—LIEN. The lien of an attachment of real estate is
merged in that of the judgment when the latter is entered.

HOMESTEAD—ABANDONMENT. Where debtors removed from their
real estate upon which they had lived, and went to another state,
secretly selling their personal property or removing the same, with
intent to establish their residence in such other state and to defraud
their creditors, they cannot, after attachment, return to the prem-
ises and claim a homestead exemption thereon by living on the
premises for a month, no effort to set aside the attachment being
made prior to sale on execution, and the return to the premises not
being made in good faith; Bal. Code, § 5254, providing that the ex-
emption shall not apply to such persons.

Appeal from an order of the superior court for Snohomish
county, Black, J., entered February 27, 1907, confirming a
sale of real property on execution, after a trial on the merits
before the court. Affirmed.

*Hathaway & Alston*, for appellants.
*John W. Miller* and *Robert McMurchie*, for respondent.

ROOT, J.—This is an appeal from an order confirming the
sale of certain real property. Appellants purchased these
premises about May, 1904, and lived thereupon until Septem-
ber, 1905, when they removed therefrom and subsequently, in
November, 1905, left the state. While they were absent this
action was commenced on February 6, 1906, an attachment
in the action being levied the same day upon these premises.
Judgment was obtained and the property sold under an execu-
tion issued thereupon, the sale occurring on the 7th day of
July, 1906. In the month of April, 1906, appellants returned
to the state of Washington, and on the 26th of May,

[1] Reported in 93 Pac. 1074.

1906, filed a declaration of homestead upon these premises, and on that day, rented and placed in the building thereon certain household goods, and resided in said building until the 22d of June, 1906.

It is contended by respondent that the appellants left the state of Washington in November, 1905, with the intention of establishing their residence in the state of Oregon, and that they did so establish their residence; that they so left the state of Washington with intent to defraud their creditors, having secretly sold the greater portion of their household goods and effects and shipped the remainder to Portland, Oregon. The trial court made findings to this effect. Appellants contend that these findings are not justified by the evidence. We think they are. No effort was ever made to set aside the attachment, and the same merged with the lien of the judgment when the latter was entered in the case. Bal. Code, § 5254 (P. C. § 847), among other things, says:

"That nothing in this chapter shall be construed to exempt from attachment or execution the property, real or personal, of nonresidents, of a person who has left or is about to leave the state with intent to defraud his creditors."

The trial court moreover found that the appellants' action in going upon the premises in May, 1906, and remaining there for only a month was not in good faith with the intention of making said premises their home, but merely as a subterfuge to defeat the sale of the premises in satisfaction of respondent's judgment. Considering all of the facts in the light of the statute above quoted, we do not think the lien of the attachment and judgment was defeated by the attempt made by appellants to claim this property as a homestead exemption.

The judgment of the superior court is therefore affirmed.

Dunbar, Rudkin, Fullerton, and Mount, JJ., concur.

Hadley, C. J. and Crow, J., took no part.