[No. 9263. Department One. October 13, 1911.]

PEROLIN COMPANY OF AMERICA, *Appellant,* v.
ANGUS W. YOUNG *et al., Respondents.*[1]

APPEAL—REVIEW—HARMLESS ERROR—FAVORABLE TO APPELLANT—
CROSS-APPEAL. Error in excluding a counterclaim is not prejudicial
to the plaintiff, and will not be considered on plaintiff's appeal, in
the absence of a cross-appeal by defendant.

DAMAGES—BREACH OF CONTRACT—CONTEMPLATED PROFITS — COUN-
TERCLAIM. Where a contract necessarily contemplated profits to be
made by the defendant from the sale of an article manufactured
from a secret formulae, substantial damages arising from the loss
of profits by reason of plaintiff's breach are recoverable by way of
counterclaim.

CONTINUANCE—SURPRISE—TO OBTAIN REBUTTAL EVIDENCE—DISCRE-
TION. In an action on a contract whereby the plaintiff had agreed to
furnish secret formulae for the manufacture of an article, and de-
fendant's answer specifically denied that the same was furnished,
it is not an abuse of discretion to refuse plaintiff a continuance in
order to obtain rebuttal evidence on the issue, the answer indicat-
ing that defendant would deny that the formulae had been fur-
nished, as testified by the witness for the plaintiff, and it appearing
by subsequent letters that repeated demands had been made for the
formulae, which the plaintiff agreed to furnish.

CONTRACTS — PERFORMANCE OR BREACH — EVIDENCE — SUFFICIENCY.
The evidence sufficiently shows that the plaintiff breached its con-
tract to furnish the defendant with its secret formulae for a sweep-
ing compound called "Perolin," where it appears that, after its
manager had given preliminary directions for a compound composed
largely of sand, and promised to send the formulae, the plaintiff, in
response to demands, repeatedly promised to send all its secret
formulae, which it advertised to contain no sand, but failed to
send any.

CONTRACTS — PERFORMANCE OR BREACH — PARTIAL PERFORMANCE—
QUANTUM MERUIT—RIGHT TO. In an action upon promissory notes
given in consideration of plaintiff's agreement to furnish defendant
its secret formulae for the manufacture of an article, with the right
to use a trade-name and sell the article upon payment of royalties,
the plaintiff cannot, without full performance of the contract on its
part, recover on *quantum meruit* by reason of defendant's acceptance
of partial performance and certain benefits thereby, where the de-

[1]Reported in 118 Pac. 1.

fendant accepted partial performance only in the hope of securing complete performance, which he repeatedly demanded, and where he claimed damages for plaintiff's breach, which were erroneously excluded on plaintiff's objection, and plaintiff offered no evidence of the reasonable value of the benefits received by defendant.

APPEAL—REVIEW—THEORY OF CASE—EVIDENCE. In an action on contract, plaintiff cannot be allowed recovery on *quantum meruit* on claim therefor first made in the supreme court, without any evidence of the reasonable value of the service.

Appeal from a judgment of the superior court for King county, Tallman, J., entered May 4, 1910, upon findings in favor of the defendants, after a trial on the merits before the court without a jury, dismissing consolidated actions on promissory notes. Affirmed.

*Carkeek & McDonald* and *O. R. Barnett*, for appellant.

*Peters & Powell*, for respondents.

CROW, J.—Two actions on promissory notes, originally commenced by the Perolin Company of America, have been consolidated herein, one against Angus W. Young and the Perolin Company of the North Pacific, and the other against Young individually, the issues being the same. The action against Young was upon his ten promissory notes for $150 each, payable to plaintiff, dated August 14, 1907, and falling due at different dates. The notes in the other action were executed by the Perolin Company of the North Pacific, and Angus W. Young, as renewals of notes originally executed by Young alone. The defendants pleaded failure of consideration and damages. The trial court made findings in favor of the defendants, and dismissed the consolidated action. The plaintiff has appealed.

The issues being substantially the same, we will discuss those arising between the appellant and the respondent Young. For some time prior to the execution of the contract hereinafter mentioned, the respondent Young had been manufacturing and selling a sweeping compound under the

trade-name "So-Clean," doing so under a license from one
B. Singer of Chicago, who had copyrighted the trade-name
of "So-Clean" and was the owner of patents on certain
formulae for sweeping compounds.  While Young was thus
engaged, the Perolin Company of America, a corporation in
Chicago, Illinois, purchased the Singer patents, subject to
Singer's outstanding contracts with respondent and others,
and itself copyrighted the trade-name of "Perolin."  There-
upon appellant, by its letter of June 18, 1907, notified
Young that it had succeeded to Singer's rights, and suggested
that Young enter into negotiations with a view of discon-
tinuing the manufacture of "So-Clean" under the Singer
patents and engaging in the manufacture of German Perolin,
which appellant was manufacturing under its formulae.  In
this letter appellant in part said:

"Perolin is a product very much superior to So-Clean,
made absolutely under a different formula which does not
infringe the Singer patents in any particular and it is so
much superior to all other sweeping compounds on the mar-
ket that it practically has the call and preference over all
of them in this section of the country.  The reason for this
is simply because the German Perolin which we are manufac-
turing *is purely a chemical preparation and possesses fea-
tures that no other sweeping compound has* and consumers
prefer it to any other even at a greatly increased price."

Young replied, expressing his willingness to negotiate,
and thereupon J. I. Kopperl, appellant's manager, met
Young in Seattle, Washington; and on August 14, 1907, a
written contract was entered into, whereby the Perolin Com-
pany of America, party of the first part, agreed to grant
and sell Young, party of the second part, all rights to man-
ufacture and sell sweeping compounds under appellant's
patents and its trade-name of Perolin, in Washington, Ore-
gon, and Alaska; to give Young all its secret formulae,
copies of its printed matter, testimonials and advertisements;
to furnish Young raw materials at cost when needed; to pro-
tect Young in his exclusive right to manufacture Perolin

and use the name of Perolin; to protect the Singer patents from infringements; and to prosecute any extensive infringers thereof. Young, as party of the second part, agreed to organize a subsidiary corporation, under the name of Perolin Company of the North Pacific; to pay the party of the first part a royalty of fifteen cents per hundred pounds on all sweeping compounds manufactured and sold by him under the name of Perolin; to surrender his contracts with Singer; and to pay $3,000 in monthly installments, beginning with January 20th, 1908, for which sum he gave his promissory notes, including the ten notes in the action against him. Section 4 of the contract, the one most material to the issues herein, reads as follows:

"The first party will furnish the second party with all of its secret formulas and data, without reservation, for the use of the second party in the manufacture of Perolin, and likewise will furnish the second party copies of all its printed matter and of all newspaper advertisements, testimonial letters, and all like matter now used or which may be used in the exploitation and sale of Perolin, for the information and convenience of the second party and to facilitate advertising and selling in the second party's territory. . . ."

Each party has partially performed. Appellant assigned to respondent its patents, including the Singer patents, with the exclusive right to manufacture and sell sweeping compounds of Perolin, in Washington, Oregon, and Alaska, furnished him copies of its advertising matter, and allowed him to use its trade-name of Perolin on all sweeping compounds manufactured and sold by him. Respondent surrendered to appellant his contracts with Singer, ceased using the trade-name "So-Clean," organized a corporation known as Perolin Company of the North Pacific, used the name Perolin on all sweeping compounds manufactured and sold by him, paid royalties to appellant, and paid $750 principal on his notes.

Respondent contends that the consideration for his notes has substantially failed because of appellant's neglect and refusal to give him its formulae as agreed. He concedes his pay-

ment of royalties and a portion of the notes, but insists that he repeatedly demanded the formulae, which he regarded as especially valuable, and asserts he continued the performance of his contract because he desired to obtain them. He finally refused further payments, insisting appellant had failed to perform its contract, and has since manufactured and sold a sweeping compound called "Cedarine," which he claims he perfected. In his answer he not only pleaded failure of consideration, but also counterclaimed for heavy damages sustained from loss of profits in his business. The trial judge rejected evidence offered to sustain this counterclaim, upon the theory that his alleged loss of profits was too speculative and uncertain an element to constitute a provable counterclaim. This was error prejudicial to respondent, of which appellant cannot complain, and upon which respondent has failed to predicate any cross-appeal. The contract necessarily contemplated profits to be made by respondent from the sale of Perolin manufactured from the secret formulae. Substantial damages arising from the loss of such contemplated profits are recoverable. *Federal Iron and Brass Bed Co. v. Hock*, 42 Wash. 668, 85 Pac. 418; *Church v. Wilkeson-Tripp Co.*, 58 Wash. 262, 108 Pac. 596, 109 Pac. 113, 137 Am. St. 1059.

When in Seattle in June, 1907, Kopperl, appellant's manager, verbally suggested to Young a certain formula for preliminary work in manufacturing sweeping compounds. Later a more complete statement of the same formula was made by letter. On the trial respondent contended that these suggestions, which included sand, were not the true Perolin formulae. In support of this contention, he introduced advertising matter issued by appellant containing the following and similar statements:

"It (Perolin) is the only sweeping compound that is strictly granular—that has a natural and healthful product for a basis—that possesses chemically curative properties,

the only one with neither sand nor injurious oils in its composition."

Letters were also introduced showing without question that, after the giving of this alleged preliminary suggestion or formula, which contained large quantities of sand as the basis, respondent repeatedly demanded all formulae from appellant, and that it promised to prepare and forward the same. On the trial appellant, claiming to be surprised by respondent's contention that the preliminary formula was not the true formula contemplated by the contract, asked and was denied a continuance. Appellant's manager, Kopperl, by deposition, testified he had sent other and later formulae to Young, who, in rebuttal, contradicted this statement. A few days later and before any decision was announced by the trial judge, appellant's counsel produced a telegram from associate counsel residing in Chicago, charging that Young's evidence was untrue, and stating that Kopperl, if afforded an opportunity, would appear and testify. At the time of producing the telegram, appellant asked that the cause be reopened for further evidence. This request was also denied.

Appellant's first contention is that, under the issues, no fraud being alleged, the trial judge should have rejected evidence of fraud and of lack of utility of formulae furnished, or should have granted a continuance when requested, or should have reopened the case for further evidence in appellant's behalf. The record, which is voluminous, contains as evidence numerous letters, contracts, patents and other documents material to the issues. Appellant had knowledge of all these instruments. The answer specifically alleged the formulae had not been furnished. Appellant's manager, by deposition, testified they had been furnished. The answer was sufficiently definite to suggest denial of his evidence by Young. Letters between the parties disclose the fact that, after receiving the alleged formulae upon which appellant relies, Young continued demanding the formulae, and that

appellant, answering his demands, agreed to furnish the same. The trial judge did not abuse his discretion in refusing a continuance, nor did he commit prejudicial error in denying appellant's application for a reopening of the cause to admit further evidence.

The trial court in part found:

"That . . . the plaintiff and the defendant Young entered into the contract in writing, a copy of which is set out in full in defendant's answer, whereby the plaintiff agreed to furnish to the defendant Young, among other things, all of its said secret formulae and data without reservation for use of the defendant Young in the manufacture of said Perolin, and whereby the defendant Young agreed to pay to the first party the sum of three thousand dollars in installments; . . . That the plaintiff has wholly failed and neglected to furnish to the defendants, or either of them, any of the aforementioned secret formulae or data, and has thereby breached its said contract with the defendant Young."

The controlling questions before us are: (1) Does the evidence sustain the findings of the trial judge? and (2) can appellant, while refusing to perform its contract in a material and vital respect, maintain this action? From a careful examination of the entire record we conclude the evidence, although conflicting, is amply sufficient to sustain all findings made and entered by the trial court. The undisputed correspondence shows that appellant had formulae never disclosed to respondent; that although Kopperl gave Young some preliminary suggestions for a sweeping compound, later elaborated but not materially changed by letter, these suggestions were not materially variant from formulae Young had used under the Singer patents in the manufacture of "So-Clean;" that they contained a large quantity of sand as their basis; and that appellant's true formula for Perolin, as shown by its advertisements and repeated representations, contained no sand. While it is admitted that respondent manufactured and sold a sweeping compound under the name of Perolin upon which he paid royalties, it is shown by the evidence to

have been a sweeping compound which he had perfected; that under his contract he was compelled to sell it under the trade-name Perolin; that he did so, paying the royalties and a portion of his notes; that during all this time he was demanding the Perolin formulae which he had never received; that he pursued this course in an endeavor to carry out his contract, with the continuing hope of securing the promised formulae from appellant; and that after repeated failure in this regard he ceased selling under the name of Perolin, and refused to make further payments.

In reaching this conclusion we are not unmindful of the fact that respondent made large sales under the name of Perolin, and that he at first expressed himself as well pleased with his success; but the sweeping compound he was then selling with appellant's consent was not Perolin, nor did it correspond to appellant's representations of Perolin. On December 5, 1907, Young wrote appellant as follows:

"I will ask you to kindly call your Mr. Kopperl's attention to the fact that he has not yet sent me all the formulae which you have used in making Perolin which he promised me he would do."

On December 13, 1907, appellant replied:

"Agreeable to your request the writer will make up a set of formulae showing you the method of making Perolin in a great many ways and will send them to you as soon as completed."

On May 15, 1908, Young again wrote appellant:

"We will ask you to kindly comply promptly and fully with section 4 of your agreement with us."

Section 4 of the agreement is the paragraph by which appellant contracted to furnish all of its formulae without reservation. On May 19, 1908, appellant answering by letter, said:

"The matter of formulae in section 4 of contract can only be given you by Mr. Kopperl and as he is out of town almost

constantly *it has been neglected* but we will call it to his attention again upon his return to the city."

If the formulae were all furnished, as appellant now contends, it is difficult to understand this correspondence. It is also difficult to understand why appellant should have given verbal suggestions for a sweeping compound containing as its basis a large percentage of sand, when it represented Perolin to be a sweeping compound of purely chemical preparation free from sand. We are satisfied the true Perolin secret formulae, the vital subject-matter and consideration of the written contract, were never furnished to respondent.

The question then arises whether in this action appellant can recover in whole or in part upon respondent's notes. It contends that, having partly performed the contract on its part, there has not been a complete failure of consideration; that it furnished respondent with all its advertising matter; that it granted him exclusive territory in which he sold sweeping compounds under the name of Perolin; that in all other respects it performed its contract; and that, after respondent established an extensive and profitable trade, he refused further payments. Appellant's substantial contentions seem to be, that it should at least recover the value of actual benefits the respondent has received and enjoyed under the contract; that after manufacturing and selling under the trade-name of Perolin, respondent cannot rescind; that he is unable to place appellant in *statu quo;* and that he should now be required to pay for the partial consideration he has received.

These contentions are inconsistent with the position which appellant assumed in the trial of the cause in the superior court. Respondent, in his answer, alleged damages and loss of business caused by appellant's breach of the contract. Upon appellant's objection, evidence offered to support this defense was erroneously excluded. If appellant is entitled to any recovery whatever, it can only be upon a *quantum meruit*, and upon the theory that respondent's payments

heretofore made have not compensated it for all benefits or consideration which respondent has received. Where one party to a contract has partially performed, the other party will not ordinarily be permitted to retain the benefits of such part performance without making compensation, and the law, to secure justice and relieve the one who has partially performed, although in default, will permit him to sue upon a *quantum meruit* and recover the actual value of his part performance, less damages, if any, sustained by the party not in default. The party in default cannot be permitted to enforce the entire contract, as he would thereby require complete performance by the defendant without giving the entire consideration for which the defendant had contracted.

Unquestionably the material subject-matter of this contract and the vital and substantial consideration for the notes were the secret Perolin formulae appellant agreed to furnish but did not furnish. Respondent paid a royalty for the use of the name Perolin. In addition thereto he paid $750 on the notes in an attempt to perform his contract, still hoping appellant would also perform. Respondent pleaded damages which he sought to recover, but upon appellant's objection was not permitted to prove. During the trial both parties proceeded upon the theory that if appellant had in fact furnished the formulae it would be entitled to recover the entire principal, interest, and attorney's fees due on the notes, but that if it had not furnished the formulae, which constituted the vital subject-matter and substantial consideration of the contract, it would not be entitled to any recovery. Proceeding upon this theory, appellant offered no evidence to show the value of any consideration it had actually furnished respondent under the contract, aside from the formulae, or to show that the value of such consideration exceeded the payments which respondent had theretofore made. Appellant's demand for a recovery upon a *quantum meruit* is urged for the first time in this court, in the absence of any evidence to sustain it. Upon the entire record, we conclude appellant

·has been fully compensated for its partial performance of the contract.

The judgment is affirmed.

Morris, Chadwick, Mount, and Ellis, JJ., concur.