[No. 13009.   Department One.   February 24, 1916.]

*In the Matter of the Estate of* LUCINDA CLOGSTON LIND.[1]

APPEAL—REVIEW—CHANGE OF THEORY—POINTS NOT MADE BELOW. In a proceeding to share in an estate as a daughter of the deceased, in which the claimant elected to stand upon the claim that she was a natural daughter, tried throughout on that issue, and disclaiming an adoption, it cannot be claimed on appeal that she was shown to be an adopted daughter.

ADOPTION—AGREEMENT TO ADOPT—EVIDENCE—ADMISSIBILITY.  In a proceeding to share in an estate as a daughter of the deceased, evidence as to a lost paper claimed to show an agreement for an adoption is inadmissible, where there was nothing to indicate whether it was an agreement to adopt or simply a relinquishment of parental control by the father.

Appeal from a judgment of the superior court for King county, Mackintosh, J., entered February 25, 1915, dismissing a petition in probate to establish a right to share in an estate as daughter of the deceased, after a hearing on the merits and an advisory verdict by a jury.   Affirmed.

*Claude E. Stevens* and *Roney & Loveless*, for appellant.

*Myers & Johnstone*, for respondent.

ELLIS, J.—The decedent, Lucinda Clogston Lind, by will, left to her surviving husband, the respondent, Edward Lind, a life estate in all of her property.   As to the residue, save certain minor matters with which we are not concerned, she died intestate.

The appellant, Jennie Clogston Ballard, by petition in the probate proceedings, sought to establish her right to this residue as an only child of the deceased.   The respondent, as executor and claiming to be the sole heir, contested the petition, asserting that the appellant is a foster child of deceased and her former husband, one John D. Clogston, who is also dead.

[1]Reported in 155 Pac. 159.

Upon appellant's request, the question of fact was submitted to a jury for an advisory verdict. The jury found for appellant. Upon motion of respondent, the court disregarded the verdict and, from the evidence, found that appellant is not the child of deceased, and thereupon entered a decree awarding the residue of the estate to respondent, as the surviving husband and sole heir at law of deceased; hence this appeal.

It is not claimed that the trial court was bound by the advisory verdict. It is asserted, however, that the evidence preponderated in favor of the jury's finding, and that the court therefore erred in refusing to adopt it. The question presented is purely one of fact. It would be worse than useless to discuss the evidence, some of which tends to reflect upon the characters of persons now dead. We have considered every phase of it with the utmost care. We are thoroughly satisfied that it strongly preponderates in favor of the court's finding.

But one other matter calls for specific notice. Several witnesses testified that deceased had often referred to the appellant as her adopted daughter. Certain other witnesses testified to the existence of a paper referring to the appellant as Jennie Annie MacIntosh and signed by one MacIntosh as her father, and by John D. Clogston. This paper is loosely referred to as an adoption paper. One Svedmark, a divorced husband of appellant, claims to have copied it, but neither the original nor any copy was produced. No one testified to the contents of the paper with any degree of certainty. It seems to be admitted that the Clogstons never actually adoped appellant. At any rate, no record of any adoption was offered.

Appellant urges that the admitted existence of this so-called adoption paper furnished evidence sufficient to warrant the enforcement of some supposed agreement to adopt as an agreement made for her benefit. There are two fatal flaws in this position. In the first place, appellant elected

to stand upon her claim that the deceased was her natural mother, expressly disclaiming any interest in the estate through adoption. The case was tried throughout upon that theory. To permit this change of attitude now, in the face of that election, would be manifestly unfair. In the second place, there is nothing to show whether the paper in question was in fact an agreement to adopt or merely a relinquishment of parental control of the child by the father, MacIntosh, to the Clogstons. What evidence there is sustains the latter hypothesis. We find nothing in the record warranting a reversal.

The decree is affirmed.

MORRIS, C. J., MOUNT, FULLERTON, and CHADWICK, JJ., concur.