[No. 18941. Department One. November 30, 1925.]

MIKE CREEGAN, *Appellant*, v. WILLIAM THOMPSON *et al.*, *Respondents*.[1]

DAMAGES (78)—BREACH OF CONTRACT—FAILURE TO DELIVER CORPO-RATE STOCK. An action for damages for failure to return to the seller corporate stock, upon the purchaser's default in the payment of the purchase price, is properly nonsuited for the reason that no damages were shown, where the contract provided that, in case of default, the sums paid should be retained as liquidated damages, the value of the stock was not shown, and it appeared that the pur-chaser would not have performed the contract of purchase or made any further payments in any event.

APPEAL (370)—REVIEW—SCOPE AND THEORY OF CASE. Where an action for damages for breach of a contract to return to the seller corporate stock, on the purchaser's default, is tried out below on that theory, and nonsuited, the action cannot be sustained on appeal on the theory of a conversion of the stock.

ATTACHMENT (41)—QUASHING—JUDGMENT OR ORDER—EFFECT OF DISMISSAL OF CASE. Error cannot be assigned on the quashing of a writ of attachment, where the case was dismissed on the merits, as that carries with it the quashing of the writ.

Appeal from a judgment of the superior court for King county, McCroskey, J., entered April 15, 1924, dismissing an action for damages for failing to transfer corporate stock, after a trial on the merits to the court. Affirmed.

*Agnes N. Richmond, Edward Judd*, and *Tucker, Hy-land & Elvidge*, for appellant.

*Paul W. Houser* and *Guie & Halverstadt*, for re-spondents.

[1]Reported in 241 Pac. 10.

ASKREN, J.—This action was brought to recover damages from the defendants for failure to transfer certificates of stock in a corporation, and from a judgment of dismissal at the close of plaintiff's case, this appeal is taken.

The facts follow: Appellant, being the owner, on the 25th day of October, 1923, of certain shares of stock in the Renton Stage Company, a Washington corporation, entered into a contract with one Charles Leitch by which appellant agreed to sell the stock for the sum of $2,500, payable $100 down, and the balance payable $100 on November 25, 1923, and a like sum on the 25th of each and every month thereafter until the balance of $2,400 was paid. Twenty-four promissory notes of $100 each representing the unpaid purchase price were prepared and the same, with the stock, deposited in the First National Bank, according to paragraph three of the contract, which provided:

"(3) If Chas. Leitch shall fail to make any payment when due, upon default of the said Chas. Leitch to pay said notes or any of them, or the interest thereon, the remaining note or notes shall be delivered to Chas. Leitch and the stock deposited as collateral security, shall be delivered to Mike Creegan or his authorized representative by the First National Bank, a corporation, and all rights conveyed by Mike Creegan to Chas. Leitch theretofore shall thereupon cease and determine and all payments made shall be forfeited as liquidated damages."

Demand was made upon respondents, who were officers of the corporation, to make transfer upon the books of the corporation of the stock in accordance with this agreement. Failing to comply with such demand, suit was instituted alleging the contract in question and claiming that, by reason of the failure of respondents to transfer such stock appellant had been damaged

in the sum of $2,400, being the balance of the purchase price of the stock, under the contract.

At the trial of the cause, appellant offered evidence of the contract in question, the failure of respondents to transfer the same upon the books of the corporation, and then called Leitch as a witness to show that he was solvent and would have proceeded with his contract, if the stock had been transferred upon the books of the company. He testified that, within two days prior to the time the second payment of $100 became due, which was the first of the twenty-four notes then unpaid, he was present at a meeting of the corporation at which he learned facts regarding the financial condition of the company which he had not known before; and he stated that, upon learning these facts, he would not have proceeded with his contract, even though the stock had been transferred upon the books of the corporation. Upon this state of facts, the court dismissed the action, concluding that there had been no evidence of damage to appellant.

It will be seen that, under the provisions of paragraph three of the contract above set out, upon failure to make any payment when due, the remaining notes "shall be delivered to Chas. Leitch and the stock deposited as collateral security shall be delivered to Mike Creegan or his authorized representative by the First National Bank, a corporation, and all rights conveyed by Mike Creegan to Chas. Leitch theretofore shall thereupon cease and determine and all payments made shall be forfeited as liquidated damages."

Under this contract, it plainly appears, that, when the second payment became due, Leitch would have the right to refuse to pay, and upon demand was entitled to have his notes returned to him. It appearing from the evidence that, when the time for the second payment arrived, he would not have proceeded with his

contract because of the condition of the company, appellant could not be damaged.

Some contention is made in this court that this case should be decided upon the theory of conversion; that is, that respondents, by their refusal to transfer the stock on the books of the company, were guilty of converting the same. Whether this be true or not, this was not the theory upon which the complaint was drawn nor the cause tried to the court. It was tried as an action for damages. There was no evidence offered as to the value of the stock, since the whole issue was one of damage, and the damages were alleged to be the amount which appellant was entitled to receive upon the contract. The case must be tried here upon the issues presented to the trial court. *Sanders v. Stimson Mill Co.,* 34 Wash. 357, 75 Pac. 974; *Normile v. Thompson,* 37 Wash. 465, 79 Pac. 1095; *Perolin Co. v. Young,* 65 Wash. 300, 118 Pac. 1; *Kenyon v. Erskine,* 69 Wash. 110, 124 Pac. 392. We think it clearly appears that the court was right in holding that no damage was shown.

At the time of filing the complaint, a writ of attachment was issued against the stock of both respondents. The court granted a motion to quash the writ. An appeal was taken from that order which came on for hearing at the same time as the merits of the case in this court. We need not consider whether the court was in error in quashing the writ, inasmuch as a dismissal of the suit upon the merits carries with it the quashing of the writ.

The judgment of the superior court is right, and it is affirmed.

Tolman, C. J., Holcomb, Main, and Fullerton, JJ., concur.