This is an appeal from an order approving the final account of an administrator and directing the distribution of the assets of a decedent's estate.
Ole Corneliusen, commonly known as Ole C. Overby, died in Seattle on January 18, 1934. Harry B. Kennedy, the respondent herein, was appointed special administrator of the estate designated as that of Ole C. Overby, and as such administrator attended to the disposition of the remains of the deceased. Subsequently, respondent was appointed general administrator of the estate.
An inventory was filed, and the estate, consisting mostly of bank deposits, was appraised at a total value of $11,454.27. After taking the usual proceedings, the respondent filed his final report and petition for distribution. Upon a hearing being had, the report was approved and an order was entered allowing attorneys' and administrator's fees, and directing distribution of the remainder of the estate to five brothers, a nephew and a niece of the deceased, in accordance with the statutory rules of descent.
Shortly after the order had been entered, but before actual distribution of the estate had been effected, a will made by the decedent under his true name, Ole Corneliusen, was discovered. Mr. Corneliusen had been reared at Overby Farm, Celo, Norway, and on coming to this country had taken the name of Overby as his surname. We are told in the briefs that Norwegian people, on emigrating to this country, very *Page 490 
frequently adopt, as their surnames, the names of their native towns or former places of residence. At any rate, this circumstance explains the failure to discover the will sooner.
The will, which is one of nonintervention, named Einar Beyer, Norwegian Consul in Seattle, as executor and made a brother and a sister of the decedent the sole beneficiaries. The will was admitted to probate on January 16, 1935, the executor being represented at the hearing by his present attorney. Shortly thereafter, the respondent, as administrator, filed a supplemental report and amended petition for distribution, asking that his former report be confirmed and that he be directed to pay the remainder of the estate in his hands to the executor. On the same day, the executor filed a motion to revoke the letters of administration. Both of these matters were set for hearing to be held on February 4, 1935.
On the day fixed for hearing, the motion of the executor was granted, and an order was entered revoking the letters of administration and vacating the original order which had approved the administrator's final account. The hearing on the administrator's supplemental report and petition for distribution was continued to February 8, 1935, and was then heard, all parties interested being present or represented. The executor objected to the hearing of the supplemental report and petition for distribution made by the administrator, upon the ground that the court then had no jurisdiction to take any further steps in the administration proceedings. No other question or objection was raised.
The court overruled the objection and entered an order granting the administrator's petition, approving and confirming the final report and supplemental report, and making the same allowances as had been *Page 491 
originally made. From that order, the executor and the heirs under the will have appealed.
Appellants' contention is that, when the will was probated and the letters of administration revoked, the court lost all jurisdiction to proceed in the administration matter in any manner or for any purpose whatever.
[1] There can be no question that if, after letters of administration are granted, a will of the deceased is found, the letters of administration must be revoked, and, in their place, letters testamentary or letters of administration with the will annexed must be granted. The statute so compels. Rem. Rev. Stat., § 1421 [P.C. § 9937]. But that statute does not fully cover the present situation. There is another statute, seemingly intended, and sufficiently comprehensive and effective, to meet just such a contingency as we have here.
Rem. Rev. Stat., § 1448 [P.C. § 9964], provides:
"If any executor or administrator resign, or his letters be revoked, or he die, he or his representatives shall account for, pay, and deliver to his successor or to the surviving or remaining executors or administrators, all money and property of every kind, . . . of the deceased, at such time and in such manner as the court shall order on final settlement with such executor or administrator or his legal representatives."
This section clearly contemplates that an administrator whose letters have been revoked shall render a final account and make settlement at the direction of the court. It follows therefrom that the court must have jurisdiction to hear and determine such account and to proceed with such settlement. The allowance of fees and expenses is a part of the settlement made between the court and the executor or administrator.
In re Levy's Estate, 125 Wn. 240, 215 P. 811, presented a case illustrating the principle involved here. We there held that, when the administration of *Page 492 
an estate comes to an end, whether by appointment of a successor, or by final settlement and closing of the estate, the probate court is fully empowered to settle the administrator's accounts, determine what property in his hands shall be turned over to his successors or the heirs entitled thereto, and to determine his compensation. In point of fact the case before us presents a much stronger set of circumstances than did the Levy case for the exercise of the court's jurisdiction to entertain the petition and make the allowances.
[2] Under their assignments of error, appellants raise several other questions relative to the propriety and amount of the allowances. Those questions, however, were not raised below, and we shall not entertain them here. A question not raised in any manner before the trial court will not be considered on appeal. Brengman v. King County, 107 Wn. 306, 181 P. 861;Creegan v. Thompson, 136 Wn. 606, 241 P. 10; Canadian Bankof Commerce v. Kellough, 142 Wn. 335, 253 P. 124.
[3] Nor may a party present his case upon one theory at the trial, and then adopt a wholly different theory upon appeal. Inre Lind's Estate, 90 Wn. 10, 155 P. 159.
The order appealed from is affirmed.
MILLARD, C.J., MITCHELL, BLAKE, and HOLCOMB, JJ., concur. *Page 493