[No. 30205. Department Two. September 18, 1947.]

DONALD B. SMITH, *Respondent*, v. KING COUNTY, *Appellant*.[1]

*Lloyd Shorett, L. C. Brodbeck,* and *J. W. Croome,* for appellant.

*H. I. Kyle* and *Leo W. Stewart,* for respondent.

HILL, J.—This action arose out of the alleged negligence of King county in the maintenance of a public recreation area near Enumclaw. Within the area was a large field house, which was, on the night of November 23, 1945, being used for a "teen-agers' " dance. A jury could have found that along the entire south side of the building was a light and air well

[1] Reported in 184 P. (2d) 562.

for the benefit of the basement. Along the outer edge of the light and air well there was a wall made of stones set in cement, which wall varied in height from eighteen inches to a trifle more than two feet. At twelve-foot intervals along this stone wall were iron posts three feet in height which were intended as part of the supports for a heavy wire screen to protect the windows in the building from footballs, etc. The screen had not yet been put in place on the night in question, although the building had been constructed for some five years. This delay was due to the difficulty, caused by the war, of getting the necessary pipes and other fittings.

At night, the lights from the windows in the field house shone upon this stone wall in such a way that, to a person approaching the building from the south, there appeared to be a stone or concrete walk along the south side of the building, level with the top of the stone wall. Several people had been deceived by that situation and had gone over the curbing into the light and air well and been injured.

On the night in question, respondent, who was twenty-one years old, had gone to the recreation area with two younger boys. He had procured beer for them and they had placed the car in a parking area where it was dark, although there was a parking area at the other side of the building which was floodlighted. The boys had consumed some of the beer, and then respondent's companions had gone in to the dance. After waiting for some time, he decided to look for his friends. He climbed a bank, as the parking area was below the level of the ground on which the building stood, failing to see the steps provided for the purpose of getting from one level to the other. After climbing the bank, however, he eventually came to a cinder walk which was about seven and a half feet in width and which ran parallel with the low stone wall referred to. As he approached the building on this walk, he was deceived by what appeared to be a concrete walk along the south side of the building and, in attempting to step up on it, he fell into the light and air well.

The jury brought in a verdict for respondent in the sum of twenty-five hundred dollars, which, if the county is lia-

ble at all, was very moderate considering the serious and permanent character of his injuries.

The county appealed, urging (1) that there was no substantial evidence of negligence by the county which was the proximate cause of respondent's injuries, (2) that respondent was a licensee, and hence the county owed him only the duty of not wantonly and willfully injuring him, and (3) that respondent was guilty of contributory negligence as a matter of law.

We shall first dispose of the question of whether respondent was a licensee or an invitee, because of its bearing on the question of what constitutes negligence on the part of the county.

Appellant did not even suggest at any time during the trial that respondent was a licensee, and the case was tried on the theory that he was an invitee. Counsel for the appellant on the first day of the trial said of the respondent, "He was an invitee on public premises." The court, in denying the motion for a nonsuit, referred to him as one "who is assumed to be an invitee," and the statement was not challenged. Appellant requested no instruction relative to licensees and took no exception to the instructions given, which, in effect, told the jury that respondent was an invitee.

Appellant cannot try the case in the lower court on the theory that respondent was an invitee and seek a reversal here because he was a licensee. As we said in *Lawson v. Helmich,* 20 Wn. (2d) 167, 146 P. (2d) 537, 151 A. L. R. 930,

"This question not having been presented to or considered by the trial court, respondents are not entitled to have it considered here."

And, as we said in *In re Corneliusen's Estate,* 182 Wash. 488, 47 P. (2d) 843,

"Nor may a party present his case upon one theory at the trial, and then adopt a wholly different theory upon appeal. *In re Lind's Estate,* 90 Wash. 10, 155 Pac. 159."

This appeal must be determined on the basis of respondent's status as an invitee.

■ The distinctive feature of this case is the unusual character of the negligence relied upon by the respondent to justify his recovery, but we have no doubt that knowingly permitting a situation to exist whereby reasonably prudent people might be deceived into believing that a dangerous opening was a safe place to stand or walk, would be negligence, which could be the proximate cause of any injury sustained by falling through the opening. The question of appellant's negligence and whether it was the proximate cause of respondent's injury was clearly for the jury to pass upon.

■ Appellant's final contention is that respondent was guilty of contributory negligence in (1) going to a *dark and prohibited* place on the premises, (2) roaming aimlessly about in the *dark and prohibited* area without apparent effort to see or use the facilities available for his safety, and (3) approaching the rear and south side of the building where the dance was being held in an *abundance of light* and failing to see what he should have seen.

There was nothing to advise respondent that there was any prohibited area, if there was; parking in the dark in a parking area is not necessarily negligence. There was no evidence that he roamed aimlessly about; he was proceeding along the most direct route to find his friends. Certainly neither (1) nor (2) of the acts urged as constituting contributory negligence was a proximate cause of respondent's injuries, for respondent had come out of the *dark and prohibited (?)* area into the partially lighted area and was, prior to his injury, on a cinder walk or path intended for pedestrian use.

We, too, would have been disposed to view with some skepticism the theory of an optical illusion as the basis for respondent's injuries if it had rested on his uncorroborated statement, as was the case in *Johnson v. Washington Route*, 121 Wash. 608, 209 Pac. 1100, relied on by appellant. Respondent was corroborated by four others who had been

similarly deceived, and there was not one witness called by the county to deny that the effect of the lights falling on the wall was just what the respondent and these four witnesses said it was.

The question of respondent's contributory negligence was likewise for the jury.

The judgment is affirmed.

MALLERY, C. J., STEINERT, JEFFERS, and ROBINSON, JJ., concur.