[No. 31087. Department Two. May 5, 1950.]

ETHEL M. STANSBURY, *Appellant,* v. THE DEPARTMENT OF LABOR AND INDUSTRIES *et al., Respondents.*[1]

*Durham, Guimont & Durham,* for appellant.

*The Attorney General* and *James J. Krinbring, Assistant,* for respondent department of labor and industries.

*Eggerman, Rosling & Williams (Robert G. Moch,* of counsel), for respondent Kenworth Motor Truck Corporation.

HILL, J.—The claimant, Ethel M. Stansbury, was injured in the course of her employment, being struck on the head by a heavy jig. Her claim was closed on October 24, 1944, with time loss and an award of permanent partial disability of five per cent of the maximum for unspecified disability. There was no appeal from this order of the department. She thereafter applied for the reopening of her claim on the ground of aggravation; and on October 31, 1946, the supervisor of industrial insurance awarded her an additional ten per cent of the maximum for unspecified disabil-

[1]Reported in 217 P. (2d) 785.

ity. She then applied for a rehearing before the joint board, alleging that she was permanently partially disabled to a much greater degree than the amount awarded, and

"That said order of the Supervisor of Industrial Insurance was in error in not adequately rating the permanent partial disability of the claimant as aforesaid."

Although the prayer of the application for rehearing asked for compensation and treatment, or, in the alternative, the maximum for unspecified disability, a reading of the record satisfies us that all the parties proceeded before the joint board on the theory that the claimant was seeking an award based on the extent of her disability, which she claims is total. A few questions by the claimant's attorneys on the cross-examination of the department's witnesses indicate quite clearly their theory of the case at that time:

"Q. If the facts reveal to you, the history of the case and the facts reveal to you that the patient has these numerous complaints and the results of the complaints is a total disability if it is related to the injury, you don't mean to say that the allowance to be made is only 15% do you doctor?"

"Q. And if, however, the facts were to be shown that the claimant cannot do any work would you continue in your assertion that the amount of disability is 15% of the unspecified?"

"Q. And if it were to develop that a patient turns out to have such a disability that she cannot do any gainful work at all then your opinion, doctor, would be different would it not, as to the degree of disability?"

"Q. In other words if it were to develop she had—she wasn't able to perform a gainful occupation then your opinion would be a—she was totally disabled."

It is equally clear that the joint board proceeded in its determination of the matter on the theory that the extent of the disability was the issue before it.

In the superior court, the parties proceeded on the same theory; the reading of the claimant's proposed instructions makes that undeniably clear. It was not until the trial court granted the respondents' motion to dismiss the case at the conclusion of the reading of the claimant's evidence, so far as the action related to any permanent total disabil-

ity or any permanent partial disability in excess of the award of twenty per cent of the maximum for unspecified disability (including an additional five per cent which had been ordered by the joint board), that consideration was given to the proposition that the claimant might be entitled to further treatment. The only issues submitted to the jury were whether the claimant's condition had reached a fixed state on October 31, 1946, and whether she needed further treatment for such conditions as were proximately caused by the injury referred to. The interrogatory submitted was quite ambiguous and the jury's answer was equally ambiguous, but its effect need not be discussed, as the trial court, obviously convinced that the claimant's right to further treatment was not properly before the court, granted a motion by the respondents for judgment n. o. v. and dismissed the action. The claimant appeals from that order.

▉▉ The claimant finds herself in a dilemma from which, on the record before us, there is no escape. First, if she contends that the evidence established that she is now permanently totally disabled or permanently partially disabled to an extent greater than that fixed by the joint board, she has no standing here because she did not appeal from the trial court's order dismissing the case so far as those issues are concerned (and, parenthetically, we see no basis for such an appeal); and, second, if she contends that the evidence established that she is in need of further treatment, she has no standing here because she has never presented her case on that theory to the joint board, and a claimant cannot appeal to the superior court or the supreme court asking for relief on a theory which has not been brought to the attention of the joint board.

We have had occasion to say that a party may not present his case on one theory to the trial court, then adopt a different theory on appeal. *Smith v. King County*, 28 Wn. (2d) 917, 184 P. (2d) 562; *Markall v. Smithway Machinery Co.*, 34 Wn. (2d) 749, 209 P. (2d) 449. There is every reason for invoking such a rule in the case of an appeal from

the joint board of the department of labor and industries to the superior court. Unless the department has been advised of the theory on which a claimant is proceeding and the character of the relief desired, it has no opportunity to make the proper investigation and to grant the relief requested, if it determines that the circumstances warrant it, or to obtain evidence to meet the issues raised by that theory if it is convinced that the relief requested is not warranted, or to raise questions of law which might be a bar to its consideration.

The superior court's judgment of dismissal is affirmed.

SIMPSON, C. J., ROBINSON, MALLERY, and HAMLEY, JJ., concur.