[No. 4425.  Decided April 9, 1903.]

WILBUR J. YARWOOD, *Appellant*, v. A. C. BILLINGS *et al.,*
*Appellants.*

PARTNERSHIP — ACTION FOR ACCOUNTING — JUDGMENT.

In an action for an accounting between partners, a court of equity has power not only to state the account between the parties, but to enter a money judgment in favor of one and against another, as the state of the account may require.

SAME — CONVERSION — OUTSIDE THE ISSUES.

Where a suit is in equity for an accounting and partition of personal property between partners, and not an action at law for conversion, the refusal of the court to enter judgment in favor of plaintiff for the value of the property would not be error, although defendants had refused to acknowledge his right of possession when demand was made upon them.

TRIAL ON WRONG THEORY — WHEN WITHOUT PREJUDICE.

Where the theory on which a case was tried was adopted on the insistence of defendants, over the objection of plaintiff, they cannot urge on appeal that it was an erroneous theory, or without the issues made by the pleadings.

Appeal from Superior Court, Lincoln County.—Hon. CHARLES H. NEAL, Judge. Modified.

*H. N. Martin* and *Happy & Hindman,* for plaintiff.

*Merritt & Merritt,* for defendants.

PER CURIAM.—This is an action in which the plaintiff sues the defendants for the partition of certain personal property owned by them as tenants in common, and for an accounting of the profits received therefrom by the defendants while it was in their possession and used by them. From the judgment both sides appeal.

Taking up the defendants' appeal, they first contend that this is a suit in equity for an accounting between partners and that a court of equity in such a suit has no power to enter a money judgment against any of the parties thereto. This is not the rule. A court of equity has power in such a suit not only to state the account between the parties but to enter a judgment in favor of one and against another, as the state of the account may require. It never drives the parties to a second action to enforce its award. It is next objected that the finding that the parties settled their mutual accounts for the year 1894 is not supported by the evidence. This objection we think is well taken.

It is not only testified by the defendants that no such settle-ment was had, but it is so testified by the plaintiff himself. This year should have been included in the accounting; and as it appeared by the undisputed evidence that there was a loss during the year in running the machine, of which the plaintiff's share was $211, this amount should have been allowed the defendants. The other assignments of error are not open to defendants in this court. The the-ory on which the case was tried was adopted on their in-sistence, over the objection of the other side, and they can-not now be heard to complain that it was an erroneous theory, or without the issues made by the pleadings.

The plaintiff assigns error on the refusal of the court to enter a judgment in his favor against the defendants for the admitted value of the common property; it being con-tended that their refusal to acknowledge his right of pos-session when demand was made amounted to a conversion. But we fail to find error here. The suit is in equity for an accounting and partition, not an action at law for con-version, and the judgment followed the prayer of the com-plaint, and was fully as equitable as the circumstances of the case warranted.

The judgment appealed from will therefore be modified by reducing the amount of the joint judgment against the defendants to $327; standing affirmed in all other respects. The defendants will recover their costs on this appeal.