[No. 8832. Department Two. June 27, 1910.]

GEORGE DRIVER, *Respondent*, v. BONHAM GALLAND *et al.*, *Appellants*.[1]

EVIDENCE—PAROL EVIDENCE—CONTRACTS. In an action for services performed, oral testimony as to negotiations prior to a written contract for services is proper, where part of the services were performed before the written contract was made.

APPEAL—REVIEW—HARMLESS ERROR—EVIDENCE. Error cannot be predicated upon the admission of cumulative evidence upon a point proven at length without objection.

PRINCIPAL AND AGENT—AUTHORITY OF AGENT—EVIDENCE—SUFFICIENCY. There is sufficient evidence that defendant's agent and attorney in fact, who had general authority to build a house, had authority to change or abrogate the written contract entered into by him and to substitute an oral agreement respecting the compensation of the builder, where whatever was done was in the legitimate carrying out of the enterprise for which the agency was created, and the agent, testifying as a witness for the defendant, said that he was the agent and attorney in fact for the defendant in the transactions with the plaintiff.

SAME—PLEADING—DENIAL—SUFFICIENCY. Where a general denial in a paragraph in a complaint alleged that the defendant through an agent and attorney in fact orally employed plaintiff upon a certain consideration to build a house, a general denial thereof and particularly that any other contract was made than a certain written contract, does not put in issue the authority of the agent to represent the defendant in the transaction, where another paragraph of the complaint alleging that the person was the agent and attorney in fact of the defendant was not denied in the answer.

[1]Reported in 109 Pac. 593.

APPEAL—REVIEW—THEORY OF TRIAL BELOW. As the supreme court will determine a cause upon the theory on which it was tried below, a defendant in an action on contract made by an agent and attorney in fact cannot urge in the supreme court that there was no evidence of authority of the agent to make the contract, where the pleadings did not raise that question, no evidence thereon was offered or instructions requested and no exceptions taken to instructions defining the issue, and the whole issue tried below was as to whether the contract had been made.

Appeal from a judgment of the superior court for King county, Tallman, J., entered March 17, 1910, upon the verdict of a jury rendered in favor of the plaintiff, in an action on contract. Affirmed.

*Shank & Smith,* for appellants.
*Hastings & Stedman,* for respondent.

DUNBAR, J.—This is an appeal from the judgment of the court founded on a verdict of the jury, in an action brought by the respondent against the appellants as executors, to recover an alleged commission of ten per cent of the cost of construction of a large business block in the city of Seattle, as compensation for supervising the construction of said building. The complaint alleged, that Caroline Kline Galland, through her attorney in fact, Bonham Galland, employed the respondent to furnish estimates for the construction of the building according to certain plans; that these estimates were furnished, and aggregated a certain amount, which was afterwards reduced to a certain other amount; that Caroline Kline Galland, personally and acting through her duly authorized agent, Bonham Galland, employed the respondent to construct said building for the agreed compensation of ten per cent of the cost of construction; that shortly thereafter and on August 19, 1905, a written contract was entered into, by the terms of which the respondent agreed to furnish all material, pay all labor, and construct said building for the sum of $85,450; that about one week thereafter, by mutual consent between the respondent and Caroline Kline

Galland and Bonham Galland, her agent, it was agreed that the written contract should be abrogated and set aside, and that the work should proceed upon a ten per cent basis; that the contract was in fact set aside and held for naught, and that the work did proceed upon a percentage basis; sets forth that certain extras amounting to $25,793.47 were ordered, and makes demand for a percentage on such extras. The appellants admitted that the respondent furnished the estimates as alleged, and admitted that they consented to $11,800 of extras, but denied that they ever agreed to any more than this, and denied that any other contract was ever made except as set forth in the written contract, or that the same was ever abrogated or set aside. Respondent recovered judgment in the sum of $11,510.57. After the verdict, appellants filed a motion for judgment *non obstante veredicto*, which was overruled, and motion for new trial being overruled, appeal followed.

The errors assigned are, that the court erred in admitting certain oral testimony of negotiations prior to the written contract, and erred in admitting the testimony in relation to the prior estimates, and in refusing to grant appellants' motion for judgment *non obstante veredicto*, for the reason that there was no evidence showing, or tending to show, the authority of Bonham Galland, as agent, to abrogate the written contract for the construction of the building or to substitute a different and oral agreement therefor. As to the first assignment, a portion of the work was done before the written contract was entered into, and of course the testimony objected to was competent. So far as the second error is concerned, while we do not deem it material, yet in any event the main portion of the testimony in relation to the fact that the estimates did not include profit for the respondent was proven at length by the testimony of the respondent without objection on the part of the appellants, and the subsequent testimony objected to was merely cumulative.

The main question in the case is the one raised by the third

assignment of error, viz., that there was no evidence to show, or tending to show, the authority of the agent to abrogate the written contract. A great many principles of law are announced by the appellants, and a great many cases cited to sustain them. The correctness of these principles of law contended for cannot be questioned, but as we view this case, they are not applicable. Stripped of all immaterial questions and contentions, the real question in this case is, Did the agent have authority to enter into these several contracts? If he did, did he have authority to change or rescind any or all of the contracts, or substitute one for another? That he had general authority to build the house is not denied as a question of fact. As a question of law, it follows that, without special limitations, whatever was done by the agent, in the legitimate carrying out of the enterprise which the agency was created to effect, was done under the authority of the agency. That there was authority we think is established by the testimony of the appellant Galland. Upon his introduction, he was asked by his attorney as follows:

"Q. Mr. Galland, you are one of the defendants in this case? A. I am. Q. And one of the executors of the estate of your deceased wife? A. Yes, sir. Q. Are you the Bonham Galland who acted as the agent and attorney in fact for Caroline Kline Galland? A. I am. Q. In the transactions with Mr. Driver, the plaintiff? A. Yes."

It is the earnest contention of the appellants that this testimony does not show, or tend to show, authority on the part of the agent Galland to abrogate the written contract and substitute therefor an oral contract in relation to the commission. But while the answers are somewhat general, it does show conclusively that he was acting as agent and attorney in fact for Caroline Kline Galland in all the transactions which were the subject-matter of the controversy, and the transactions concerning which he testified comprehended as much the abrogating of the written contract as they did the execution of the contract in the beginning, or the oral agreement made prior to the written agreement.

But there is another reason why the appellants cannot pre-
vail in this case.   It has been the uniform holding of this
court that we will determine a case here upon the theory upon
which it was tried below, and that alleged errors which are
not called to the attention of the lower court could not be
reviewed here.   See, *Normile v. Thompson*, 37 Wash. 465, 79
Pac. 1095; *Nielsen v. Northeastern Siberian Co.*, 40 Wash.
194, 82 Pac. 292; *Sanders v. Stimson Mill Co.*, 34 Wash.
357, 75 Pac. 974; *Standard Furniture Co. v. Anderson*, 38
Wash. 582, 80 Pac. 813; *Yarwood v. Billings*, 31 Wash. 542,
72 Pac. 104.   In order to determine exactly what was tried
below and what it was the intention of the parties litigant to
try, we must resort to the pleadings and the testimony offered,
the instructions of the court, instructions objected to and
instructions asked, and to the character of the trial gener-
ally.   The complaint alleged, in paragraph 1, that, at the
times in question, Bonham Galland was attorney in fact for
said Caroline Kline Galland.   This allegation is not denied.
Paragraph 4 of the complaint alleges that said Caroline
Kline Galland, personally and acting through her duly au-
thorized agent in fact, Bonham Galland, employed the plain-
tiff to construct said building, upon the agreed compensa-
tion of ten per cent of the cost of construction.   The answer
to that paragraph is as follows:

"Answering paragraph 4 thereof, they deny each and
every allegation therein contained, and particularly that any
other contract was made and entered into excepting the con-
tract marked A and attached to the complaint."

It was evidently not the intention to deny the agency of
Bonham Galland, because that had not been denied; so that
the matter which was intended to be denied, and which comes
under the denomination "particularly denied," was that por-
tion of the paragraph in relation to the employment of plain-
tiff to construct said building upon the agreed compensation
of ten per cent of the cost of construction.   When viewed in
connection with the answer as a whole and with the subse-

quent trial of the case, the denial of paragraph 4 is not a denial of authorization on the part of the principal, Caroline Kline Galland, but is a denial of the alleged fact that respondent was employed to construct said building upon the agreed compensation of ten per cent of the cost of construction, and gives no notice of the denial of the authority of the agent. The appellants argue that, inasmuch as Bonham Galland denied that he ever abrogated this written contract or set it aside, to adopt the position of respondent would certainly be a legal paradox, because it would amount to a man denying having done an act and admitting at the same time that he had authority to do that act. But we are unable to see anything paradoxical in this attitude. A man might have authority to do a certain thing or to make a certain agreement, and still not do the thing or make the agreement. And this is really the case in a great majority of the contests over the question of whether or not a certain agreement was made. When it came to the trial of the cause, it was equally clear that no question was raised over the authority of Bonham Galland to abrogate this contract; but it was earnestly contended, and the whole battle was waged by the appellants on the theory, that he did not, as a matter of fact, abrogate the written contract. This, with the exception of a few collateral questions, such as the amount and value of the extras which were furnished, was the whole question controverted in a long suit involving over two hundred pages of testimony. This issue was presented clearly, and without any equivocation, as the controlling issue in the case. It must have been the understanding of the respondent that there was no question concerning the authority of the agent, for he made no effort to prove it. It was evidently so construed by the appellants, for there was no motion for judgment at the close of the plaintiff's testimony; and, as we have seen, if there was any lack of testimony in this respect it was furnished by the appellants in questions propounded to the witness Galland. The instructions of the court show conclu-

sively what his conceptions of the issue were. The court instructed the jury what the complaint alleged, as we have set forth above, and stated the defendants' alleged defense as follows:

"The defendants in their answer deny any agreement for the construction of said building on a percentage basis, but state that said contract of date August 19, 1905, was the only agreement entered into between plaintiff and defendants";

no intimation that there was any issue raised as to the authority of the agent, but that the issue was a clear-cut issue on the facts as to whether the agent had in fact abrogated the written contract. These instructions of the court in relation to the issues which were presented to the jury were not objected to by the appellants, nor was any instruction asked looking to the determination of the question of authority of the agent by the jury. The only exceptions which were made to the instructions were an exception in relation to the reimbursement for extras, and for the refusal of the court to propound special findings to the jury; the special finding asked for being: "Was the written contract dated August 19, 1905, abrogated or set aside?" no question of authority being embraced in the finding asked for. The appellants, if we understand the record correctly, also asked the court for the following instruction, which was practically incorporated in the instructions:

"If this plaintiff is entitled to recover, he must show by a clear preponderance of the evidence that this written contract was abrogated or set aside and an oral contract substituted therefor; and if you find from the evidence that the written contract was not abrogated or set aside, then plaintiff cannot recover and your verdict must be for the defendant."

Again, counsel for the defendants asked the following instruction:

"The court instructs you that there must in this instance have been a distinct intention, common both to the plaintiff

and to Bonham Galland. Doubt or difference is incompatible
with the agreement. The minds of the parties must meet as
to all the terms," etc.

recognizing Bonham Galland as the principal actor in the
case, and not questioning his authority. And so with all the
other instructions asked for by the defendants. On this
theory the case went to the jury, and it would be inequitable
to allow a litigant to try out his case to a jury upon a certain
theory and, upon the jury finding against him, to come to
this court and ask for a retrial of the case upon issues which
were not presented to the court below. The question pre-
sented was evidently an afterthought, for while the third as-
signment states that the motion for judgment *non obstante
veredicto* was based on the fact that there was no evidence
tending to show the authority of Bonham Galland as agent
to abrogate the written contract made for the construction
of the building, and substituting a different and oral agree-
ment therefor, the motion itself, as it appears in the record,
does not bear out that construction. The grounds alleged
in the motion were, (1) that the contract, if any, upon which
the plaintiff sued and upon which a verdict was returned, was
a contract void for uncertainty; (2) that the only contract
in this case that was proven was the contract dated August
19, 1905 (which was the written contract), and that there
is no evidence legally sufficient in the case upon which the
jury could find that this contract had been abrogated; (3)
that there is no evidence legally sufficient to entitle the plain-
tiff to a verdict, but that there is evidence legally sufficient to
entitle the defendants to a verdict, and (4) that, under the
law and the evidence, the defendants are entitled to recover
in this action. The second reason suggested embraced the
old question of fact, viz., that there is no evidence upon which
the jury could find that the contract had been abrogated. We
do not know what argument may have been made upon this
motion to the court, but so far as the motion itself indicates,

the question which we are now asked to pass upon was not presented to the court at any stage of the proceedings.

The judgment is affirmed.

RUDKIN, C. J., PARKER, CROW, and MOUNT, JJ., concur.