[No. 32840. Department Two. August 19, 1954.]

EARL E. HOLMAN, *Respondent*, v. CHARLES F. CAPE, *Appellant*.[1]

*Geo. H. Crandell*, for appellant.

*Army Seijas* and *E. Theme Carras*, for respondent.

PER CURIAM.—This is an action in equity for an accounting and for the dissolution of a partnership.

The trial court dissolved the partnership and entered judgment against defendant for the amount of indebtedness disclosed by the accounting. Defendant appeals.

■ Appellant's assignments of error raise but one question: In the absence of a request in the complaint, does the court have power to enter a money judgment against one of the parties, as the state of the account may require, or is the entry of such a money judgment beyond the issues presented by the pleadings?

The case of *Yarwood v. Billings*, 31 Wash. 542, 72 Pac. 104 (1903), is directly in point. It, too, was an action in equity for an accounting and dissolution of a partnership. Appellant Yarwood argued in his brief that

" . . . there is not a single allegation in the complaint which would authorize or warrant a money judgment." (p. 17)

[1]Reported in 273 P. (2d) 664.

In a *per curiam* opinion, this court said:

"They first contend that this is a suit in equity for an accounting between partners and that a court of equity in such a suit has no power to enter a money judgment against any of the parties thereto. This is not the rule. A court of equity has power in such a suit not only to state the account between the parties but to enter a judgment in favor of one and against another, as the state of the account may require. It never drives the parties to a second action to enforce its award." (p. 543)

Appellant also argues that the money judgment is erroneous because it is inconsistent with the terms of a proposed written partnership agreement which provides the method and manner by which respondent was to be reimbursed for his capital contribution to the partnership. The proposed agreement was never signed by the parties. No rights could accrue under it.

The judgment is affirmed.