702 P.2d 922

**John B. KUGLER, Plaintiff-Appellant,**

v.

**NORTHWEST AVIATION, INC.,
Defendant-Respondent.**

No. 14914.

Court of Appeals of Idaho.

July 5, 1985.

John B. Kugler, pro se.

Clark Gasser (argued) and Steven Richert (Green, Service, Gasser & Kerl) Pocatello, for defendant-respondent.

BURNETT, Judge.

This is an appeal by an attorney from a judgment entered in his suit to collect fees from a former client. The district court held that part of the attorney's claim was barred under a statute of limitation and that the remainder was offset by a debt owed to the client. On appeal the attorney has raised a host of issues. Two of them are dispositive: (1) Was the statute of limitation properly pleaded and correctly applied? (2) Does the evidence support the district court's findings of fact? As explained below, we vacate the judgment and remand the case.

■ Prefatorily, we deal with a question raised concerning appellate jurisdiction. The attorney's notice of appeal, filed on January 18, 1983, recites that the appeal is taken from an amended "memorandum decision" dated November 28, 1982. It fails to mention the judgment entered in the meantime. A district judge's memorandum decision is not appealable unless it disposes of an appeal from the magistrate division. When a district court acts as a trial court, an appeal may be taken only from a final judgment or as otherwise provided in Idaho Appellate Rules 11 and 12.

■ However, our Supreme Court has stated:

Under I.A.R. 21, timely filing of the notice of appeal is the only jurisdictional requirement. All other steps in the appellate process are not jurisdictional, and

failure to timely take these steps is only grounds for imposing sanctions where, because of delay and potential prejudice, the court deems them appropriate.

*Neal v. Harris,* 100 Idaho 348, 350, 597 P.2d 234, 236 (1979). The notice of appeal in this case was timely in relation to the judgment. It simply contained an improper designation of the "judgment, order or decree appealed from." I.A.R. 17(e). Accordingly, we hold the defect to be nonjurisdictional.

We now turn to the merits of the case. The attorney, John B. Kugler, served as counsel for Northwest Aviation, Inc., as well as other enterprises owned or controlled by the late Leslie L. Mitchell, a Pocatello businessman. The attorney-client relationship began in 1967 when Mitchell hired Kugler to represent a business known as Mitchell Construction. In 1974 Kugler was engaged by Mitchell to serve as counsel for Northwest Aviation, the defendant in this case. In 1978 Northwest became embroiled in a dispute with an organization known as the Gate City Flyers. Because Kugler was an officer of that organization, he agreed to terminate his services as counsel for Northwest Aviation. He sent Northwest a bill for legal services rendered since 1974. In 1979 he submitted a supplemental statement, listing additional expenses. No payment was made. Kugler sued in 1981.

Northwest initially answered with a general denial. However, one week before trial Northwest sought leave to amend its answer by asserting a defense based upon I.C. § 5–217, which requires suits on unwritten contracts to be filed within four years. At trial, over Kugler's objection, leave to amend was granted.

■ Kugler now contends that the statute of limitation, as an affirmative defense, should have been deemed waived because it was not asserted in the first responsive pleading. Of course, if an affirmative defense is raised for the first time at trial, and if it unfairly prejudices the opposing party, the amendment should

not be allowed. *Keller Lorenz Co. v. Insurance Associates Corp.*, 98 Idaho 678, 570 P.2d 1366 (1977). However, pretrial motions for leave to amend pleadings are left to the sound discretion of trial judges. *Fajen v. Powlus*, 98 Idaho 246, 561 P.2d 388 (1977). Amendments to pleadings should be freely allowed when justice so requires. I.R.C.P. 15(a). The record in this case fails to show surprise concerning the statute of limitation nor any prejudice other than the potential impact of the statute itself. We hold that the trial court's ruling was not an abuse of discretion.

Kugler further asserts that the trial court improperly applied the statute by barring recovery for any services before 1977. Kugler concedes that his contract with the client was unwritten. It would appear, on the surface, to invoke the four-year limitation period. However, Kugler invites our attention to special rules governing the application of statutes of limitation to accounts stated and open accounts.

■ Clearly, the theory of an account stated is inapposite here. An account stated requires a writing, coupled with mutual consent or acquiescence, showing the balance owed by one party to the other. It is, in essence, a new contract distinct from any original arrangement. The writing ordinarily indicates that it is mutually intended to be a final settlement to date. *O'Harrow v. Salmon River Uranium Development, Inc.*, 84 Idaho 427, 373 P.2d 336 (1962); *Davidson Grocery Co. v. Johnston*, 24 Idaho 336, 133 P. 929 (1913). No such writing appears in the record here.

■ On the other hand, an open account is simply an account with a balance which has not been ascertained. The account is kept open in anticipation of future transactions. Where an open account exists the parties are deemed to intend that individual items on the account will not be viewed separately but that the account will be considered as a connected series of transactions. *See generally* 1 AM.JUR.2d *Accounts and Accounting* § 4 (1962). When an open account is unilateral—that is, with all charges made by one party

against the other—the majority rule appears to be that a statute of limitation will run from the date of *each* item. *Id.* at § 15. But if an open account is mutual—with both parties charging each other—the courts have treated the statute of limitation as running from the date the *last* item proven by either party. *Id.* at § 16.

■ Employment relationships may give rise to mutual open accounts. Thus in *McCarthy v. Paris*, 46 Idaho 165, 267 P. 232 (1928), our Supreme Court held that where a farmhand was paid at irregular intervals and for items furnished by the employer, a mutual account existed. The farmhand, who sued for unpaid wages, was allowed to recover for work extending beyond the period of limitation.

■ In the present case, the district court did not address the questions whether an open account existed and, if so, whether it was unilateral or mutual. We believe such a determination is necessary to proper application of I.C. § 5–217. When a trial court has failed to make findings of fact and conclusions of law on a material issue, "[t]he absence of [such] findings and conclusions may be disregarded by the appellate court *only* where the record is clear, and yields an obvious answer to the relevant question." *Pope v. Intermountain Gas Co.*, 103 Idaho 217, 225, 646 P.2d 988, 996 (1982). (Emphasis original.) Otherwise, a remand is required. *Id.*

■ Our examination of the record does not disclose an obvious answer to the open account questions. The testimony is conflicting as to whether any open account existed. Kugler testified that charges for legal services accumulated from 1974 to 1978. In contrast, Leslie Mitchell's widow testified that no open account existed because Kugler was fully paid under a retainer arrangement. Kugler responded that the retainer applied only to Mitchell Construction and not to Northwest Aviation. Moreover, even if an open account existed, the present record does not make it clear whether Kugler and Northwest Aviation

kept contemporaneous records and communicated regarding the charges against each other, as parties to a genuinely "mutual" account would be expected to do. Accordingly, the case must be remanded to determine the existence and nature of any open account. We hold that the district court erred in applying the statute of limitation without first making these determinations.

■ Although I.C. § 5–217 was held to bar compensation for any legal services prior to 1977, the district court agreed to consider Kugler's claim for subsequent services. Northwest Aviation never denied that legal services were provided. However, the judge found that the value of those services was equal to an offsetting debt owed to Northwest Aviation, resulting in no net recovery of fees. Kugler argues on appeal that the court's findings in this regard were not supported by substantial evidence in the record. We agree. Indeed, we have encountered difficulty in identifying the judge's findings and correlating them to the evidence.

The judge's amended memorandum decision states:

It is clear from the record the plaintiff did perform legal services for defendant; however, there is a very sharp conflict in the evidence as to the manner or basis upon which plaintiff was to be paid and whether defendant was indebted to plaintiff for the services.

*     *     *     *     *     *

It appears from the record that plaintiff is indebted to defendant in the sum of $1,044.76 on account # 25980 and is indebted to defendant in the sum of $325.31 on account # 26100 for a total indebtedness of $1,370.07. This sum shall be offset by the amount plaintiff is requesting from defendant [after deduction of items held to be timed-barred] in the sum of $2,078.02 leaving the sum of $707.95 to be considered by the Court. The Court is Ordering this offset in order to avoid further litigation and also due to the fact the Court is aware plaintiff did perform certain legal services for defend-

ant which plaintiff alleges he was not compensated.

With respect to the remaining sum of $707.95 this is not allowed.

*     *     *     *     *     *

Plaintiff has not proved by a preponderance of the evidence the manner or method for which he was to be paid for his legal services nor has plaintiff proved by a preponderance of the evidence that defendant is indebted to plaintiff for attorney fees except as herein above awarded to plaintiff regarding the offset.

We cannot reconcile the court's apparent finding that Kugler failed to prove an entitlement to fees with the court's allowance of fees in an amount equal to the debt owed to Northwest Aviation. Our examination of the record fails to show any variation in the evidence which would permit a finding that some services had been proven and some had not. Moreover, it is not clear what legal theory the court employed in ordering an offset "to avoid further litigation."

■ Where a trial court neither makes satisfactory findings on contested issues of fact nor enunciates the legal standard governing its decision, the proper appellate response is simply to vacate the judgment and to remand the case. *See, e.g., Lynch v. Lynch*, 106 Idaho 842, 683 P.2d 878 (1984). We believe such action is required in this case. In so concluding, we hasten to acknowledge that the district judge gave careful attention to this case and obviously attempted to reach what he perceived to be a fair result. However, the ultimate tests of fairness are whether the court's findings of fact are supported by the evidence and whether its conclusions of law apply clearly identified legal principles to the facts found.

We have examined other issues raised by Kugler and find that they relate to situations unlikely to recur on remand. Accordingly, we need not discuss them here. The judgment of the district court is vacated. The case is remanded for further proceedings consistent with this opinion. Costs to

appellant Kugler. No attorney fees on appeal.

WALTERS, C.J., and SWANSTROM, J., concur.