967 P.2d 275

**Robert D. MAYS, Plaintiff–
Counterdefendant–
Appellant,**

v.

**DeWitt DAVIS and Pewan Mehra, individually, and Davis, Mays and Mehra Partnership, Defendants–Counterclaimants–
Respondents.**

No. 23907.

Supreme Court of Idaho,
Twin Falls, March 1998 Term.

Oct. 22, 1998.

E. Lee Schlender, Chtd., Hailey, for appellant. E. Lee Schlender argued.

Roger E. Crist, Ketchum, for respondents. Roger E. Crist argued.

TROUT, Chief Justice.

This is an appeal from a judgment in favor of respondents, DeWitt Davis (Davis) and Pewan Mehra (Mehra), in a breach of contract action. We vacate the district court's decision and remand the case to the district court for proceedings in accordance with this opinion.

## I.

### BACKGROUND

Robert Mays (Mays), Davis, and Mehra entered into a written partnership agreement. Pursuant to the agreement, Mays would convey to the partnership a lot he owned which was valued at $25,000, and Davis and Mehra would finance and construct a house on the lot. Davis and Mehra were to contribute up to $25,000 each as needed for the costs of construction. If the construction costs exceeded $50,000, Davis, Mehra, and Mays were to mutually agree upon an appropriate financial arrangement to complete the project. Pursuant to the agreement, Mays, Davis, and Mehra would share equally in the management decisions, and they were to use their best efforts to complete the construction of the house prior to the fall of 1995. The house would be sold upon completion and each of the partners would share equally in the profits.

Following the agreement, Davis and Mehra began pre-construction work for the project. Shortly thereafter, Mays became disenchanted with the project and told Davis and Mehra that he intended to terminate the partnership agreement. Mehra unsuccessfully attempted to persuade Mays to continue with the partnership. Mays then requested that Davis and Mehra quitclaim the lot to him, in return for which he would compensate them for their out-of-pocket expenses. Davis and Mehra informed Mays that they were suspending work on the project, and requested $10,000 each in exchange for the execution of the quitclaim deed.

## II.

## PROCEDURAL HISTORY

Mays filed a complaint against Davis and Mehra for breach of contract and for dissolution of the partnership. Mehra and Davis counterclaimed, alleging that Mays repudiated the partnership agreement, and thus, they were entitled to damages of approximately $20,000. After a court trial, the district court held that Mays had repudiated the partnership agreement, and that Mehra and Davis were entitled to receive damages in the amount of the $10,107.23, representing the money and time they expended on the partnership. The district court quieted title to the lot in Mays' name, and subjected the lot to a lien in favor of Mehra and Davis in the amount of the judgment. The district court also awarded Mehra and Davis attorney's fees and costs pursuant to the partnership agreement.

## III.

## STANDARD OF REVIEW

We will not set aside a district court's findings of fact unless they are clearly erroneous. I.R.C.P. 52(a). When the trial court sat without a jury, we will liberally construe the trial court's findings of fact in favor of the judgment entered. *Ervin Constr. Co. v. Van Orden,* 125 Idaho 695, 699, 874 P.2d 506, 510 (1993) (quoting *Sun Valley Shamrock Resources, Inc. v. Travelers Leasing Corp.,* 118 Idaho 116, 118, 794 P.2d 1389, 1391 (1990) (citations omitted)). Even if there exists conflicting evidence, we will not disturb the trial court's findings and conclusions on appeal if they are based on substantial evidence. *Id.*

## IV.

## PARTNERSHIP TERMINATION

On appeal, Mays challenges the district court's determination that Mays committed an anticipatory breach of the partnership agreement, the district court's calculation of damages resulting from the breach, and the district court's failure to wind up the partnership and perform an accounting. We do not reach the first two issues on appeal because we agree with the appellant that the district court did not properly wind up the partnership and perform an accounting prior to considering the breach of contract claims.

The dissolution of a partnership "is the change in the relation of the parties caused by any partner ceasing to be associated in the carrying on as distinguished from the winding up of the business." *Kelly v. Silverwood Estates,* 127 Idaho 624, 628, 903 P.2d 1321, 1325 (1995) (citing I.C. § 53–329). A partnership is not terminated upon dissolution, but continues until the winding up of the partnership affairs is completed. *Arnold v. Burgess,* 113 Idaho 786, 790, 747 P.2d 1315, 1319 (Ct.App.1987) (citing I.C. § 53–330; *Heileson v. Cook,* 108 Idaho 236, 697 P.2d 1250 (Ct.App.1985)). Winding up is the process of settling partnership affairs after dissolution, and generally involves an accounting and liquidation of the partnership's assets. *Kelly,* 127 Idaho at 628, 903 P.2d at 1325 (citation omitted); *Arnold,* 113 Idaho at 790, 747 P.2d at 1319 (citation omitted). The goal of an accounting is to ascertain the value of the partners' interest in the partnership as of the date of dissolution, and determine the existence of any profits or losses. *Kelly,* 127 Idaho at 629, 903 P.2d at 1326 (citing *Arnold,* 113 Idaho at 791, 747 P.2d at 1320). Ordinarily, in performing an accounting, the trial court will order the liquidation of the partnership's assets by sale, and apply the proceeds of the sale to the partnership's liabilities according to the priorities established in I.C. § 53–340. *Id.* at 628, 903 P.2d at 1325 (citing *Arnold,* 113 Idaho at 791, 747 P.2d at 1320 (citation omitted)).

Generally, partners may not maintain actions at law among themselves regarding partnership business until after the partnership is wound up and an accounting is performed. *Haskins v. Curran,* 4 Idaho 573, 579, 43 P. 559, 561 (1895); *Havelick v. Chobot,* 123 Idaho 714, 718, 851 P.2d 1010, 1014 (Ct.App.1993) (citations omitted); *Arnold,* 113 Idaho at 790, 747 P.2d at 1319 (citations omitted). However, partners may maintain actions among themselves "if the relief requested is not so connected to partnership transactions as to require an accounting or where one partner seeks specific equitable

relief." *Havelick*, 123 Idaho at 718, 851 P.2d at 1014 (citations omitted). Thus, a court's consideration of an action between partners relating to partnership business is premature until the partnership is wound up and an accounting has occurred. *Arnold*, 113 Idaho at 791, 747 P.2d at 1320 (citation omitted).

In this case, the district court was considering both parties' claim for breach of contract, and Mays' request that the partnership be dissolved and wound up. Because the relief requested pursuant to the breach of contract claims concerned the partners' capital contributions, the district court needed to wind up the partnership and perform an accounting prior to considering the breach of contract claims. Although the district court in its written Memorandum Decision decreed that "[T]he joint venture is terminated," there is no indication in the record that the district court wound up the partnership and performed an accounting. The district court did not make any findings as to the value of the partnership's assets or liabilities, nor did it liquidate these assets to satisfy the liabilities. In addition, the district court failed to make any determination as to the profits or losses of the partnership. Indeed, the only mention by the district court of the payment of any sums are those amounts clearly designated as "damages" by virtue of the breach of contract claim. It may very well be that the district court believed it was winding up the partnership by giving the land back to Mays and awarding damages to Davis and Mehra; but that does not properly account for assets and liabilities incurred throughout the term of the partnership.

Because the district court has not yet properly terminated the partnership, its consideration of the breach of contract claims was premature. Thus, we vacate the district court's decision and remand the case so that the district court may wind up the partnership and perform an accounting. After the district court does so, then it may consider the merits, if any, of the breach of contract claims.

## V.

### ATTORNEY'S FEES

Mays challenges the district court's award of attorney's fees to Davis and Mehra, claiming that they were not the prevailing party below. Mays also contends that he is entitled to an award of attorney's fees on appeal pursuant to the partnership agreement. Because we are vacating the district court's decision and remanding the case for further proceedings, we vacate the award of fees below. As to the appeal, Mays prevailed on an issue not related to the partnership agreement, that is, an accounting, and thus an award of fees is not appropriate under the agreement. As that was the only basis asserted for fees, none should be awarded on appeal.

## VI.

### CONCLUSION

We vacate the district court's decision and remand the case to the district court for proceedings in accordance with this opinion. We award costs, but not attorney's fees, on appeal to Mays.

JOHNSON, SILAK, SCHROEDER and WALTERS, JJ., concur.